## CARRINGTON & PRYOR *against* HAMILTON.

### ERROR *to Hempstead Circuit Court.*

Unless a declaration is signed by the plaintiff, or his attorney, no writ can issue upon it; and such declaration must be stricken from the files, on motion; nor can leave be given the plaintiff or his attorney to sign it.

The statute of amendments cannot benefit the party. There is nothing to amend by.

The plaintiff below placed on the files a paper, purporting to be a declaration in debt. It was not signed by any attorney of the Court, nor by the plaintiff in his proper person. Upon the return of the writ, the defendants moved to strike the same from the rolls of the Court, upon the ground that it constituted no part of the record. The motion was overruled, and leave asked and given to the attorney for the plaintiff to add his name to the declaration; and judgment was thereupon rendered against the plaintiffs in error, by default.

TRAPNALL and COCKE, for plaintiff in error:

The 51st sec. of the Revised Statutes, under the head of "Practice at law," requires "that every declaration, statement, or other pleading, shall be signed by the party filing the same, or by his attorney."

It is evidently the true construction of the statute, that the signing here referred to, should precede the filing of the declaration or other pleading. An unsigned declaration is a mere nullity. It cannot form the commencement of an action. The Clerk has no authority to issue a writ upon such a paper, or to spread it upon the files of the Court; and if he does so, the Court will disregard it, or order it to be stricken from the files, as irregularly and improperly placed there. The first section of the chapter above referred to, provides, that "suits at law may be commenced in any of the Circuit Courts of this State, by filing in the office of the Clerk of such Court, a declaration, petition, or statement in writing;" &c. &c. And the second section provides, that "no original writ shall be issued, until the declaration, petition, or statement be filed in the Clerk's office."

Carrington & Pryor *against* Hamilton.

If we are correct in supposing that the statute requires the declaration to be signed, before it can properly be placed upon file, then an unsigned declaration cannot legally be filed, and consequently cannot be the commencement of a suit, or authorize the Clerk to issue an original writ. The Court, therefore, erred in refusing to strike the declaration from the files, the same not having been signed as required by law. The Court also manifestly erred in permitting the attorney for the defendant to amend his declaration, by adding his own name thereto. The statute of amendments was intended to afford a remedy for defective pleadings, properly filed and placed before the Court. But it certainly never was designed to go the extravagant length of permitting a party, after the writ had been issued and executed, to come in, and for the first time file his declaration, at the calling of the cause on the docket. The term " amendment" necessarily implies something already in existence, to be improved or amended. But under our statute, there could be no declaration in Court, without being signed by the party or his attorney; and, consequently, there was no subject upon which an amendment could act. The effect of the leave granted in this case, was not to amend a defective declaration already upon file and before the Court, but it was permitting the plaintiff below, at the calling of the cause, after the writ had been issued, executed, and returned, to come forward, and for the first time file a declaration in Court. It was an act, not of amendment, but of creation. For, we again repeat, this paper could not be a declaration upon the files of the Court, until it had been signed, as required by the 51st section already referred to.

The Court also erred in giving judgment at the same term the amendment was made. To entitle a party to judgment, the statute requires that the writ shall be issued and served on the defendant at least thirty days before the meeting of the Court.

If the positions we have endeavored to establish be correct, the Court, in this case, permitted the plaintiff below to take judgment upon a *declaration* filed for the first time during the term, without any process having been issued or served upon the defendants, and without their making any appearance whatever to the action. The process, copied into the record, and executed upon the defendants below, was

improvidently and illegally issued by the Clerk. There was then no declaration on file in his office, that could authorize the issuance of the writ. And certainly the rights of the plaintiffs could not be compromised by an illegal act of the Clerk; nor would they be bound to obey a writ which the Clerk had issued without authority of law, and in direct violation of the express provisions of the statute.

The form of the judgment in this case is also erroneous. It is a judgment by *nil dicit,* whereas, if any judgment at all could have been legally given, it should have been by default; for the Court will observe, the defendants below did not appear to the action. The motion to strike out was made without entering their appearance.

PIKE, *Contra,* submitted this case without argument.

DICKINSON, J., delivered the opinion of the court:

The 51st section of the Revised Statutes, regulating the practice of the Circuit Courts, (627,) requires, that every declaration, statement, or other pleading, should be signed by the party filing the same, or by his attorney. The first section of the same act provides, that suits at law may be commenced in any Circuit Court of this State, by filing in the office of the Clerk of such Court, a declaration, petition, or statement in writing; and the second section declares, that no original writ shall be issued, until the declaration, petition, or statement shall be filed in the Clerk's office.

These sections, taken together, clearly show, that the statute requires the declaration to be signed, before it can be filed; and no writ can properly issue upon an unsigned declaration. The declaration is the authority to issue the writ; and if the party fail to file a proper one, he is not entitled to the writ.

The statute of amendments cannot benefit the party in this instance. He can only amend when there is something to amend by; therefore, the Court erred in not striking the pretended declaration from the files.

The exceptions of the plaintiff in error having presented these facts to our consideration, the judgment below must therefore be reversed, with costs, and the Circuit Court directed to strike the paper purporting to be a declaration, from the files of the Court.