McLERAN v. MORGAN et al.

PLEADING—*Where style of court omitted in declaration.*—The omission to give the style of the court in a declaration, is a formal defect, which may be corrected on motion, in the court below, and where no objection is made there, it cannot be urged in this court.

DECLARATION—*When suit by firm, what not necessary.*—In a suit by a firm, where the style of the action is sufficiently stated, the names of all the parties and the firm name of the plaintiffs given, it is not necessary to repeat these in the body of the complaint, if they are sufficiently referred to.

APPEAL FROM PULASKI CIRCUIT COURT.

HON. JOHN WHYTOCK, *Circuit Judge.*

*Montgomery & Warwick,* for Appellant.

*First,* The Code does not authorize a recovery upon any statement of facts, which, before its adoption, did not authorize a recovery in some form of action. See *Hill, for use of Wintersmith vs. Barrett, etc.,* 14 *B. Monroe, p.* 84, 86.

*Second,* The body of the petition should show who complains, and if partners, to describe and name each partner, etc., as at common law. 1 *Chitty Pl.,* 257-264; *Stephens' Pl.,* 302-441; *Gould's Pl.* 77-8.

*Third,* The simple filing of the note, sued on, does not dispense with any necessary allegation to constitute a cause of action. *Dodd vs. King,* 2 *Met.,* 430.

*Fourth,* The complaint is not entitled to any court, nor is relief prayed from any court. *Code, sec.* 109; *Myer's (Ky.) Code, p.* 326, *d.*

*Fifth,* The indorsement on the note shows title in some one other than plaintiffs. *Myer's (Ky.) Code, p.* 326, *f.*

*A. H. Garland,* for Appellees.

The only cause of demurrer that existed at all was obviated or removed when the case was dismissed as to Andrews; but really this joinder of parties was always permissible. You had to render separate judgments, but they could be sued

jointly. *Code, secs* 32, 34, *etc., p.* 29 ; *Gould's Digest, p.* 628, *chap.* 94.

GREGG, J.—The appellees brought their suit, upon a promissory note, against the appellant, and Marquis L. Andrews, as the administrator of James O. Gill, to the last November term of the Pulaski Circuit Court.

The appellant, and Andrews, as administrator, appeared and filed a joint demurrer, and Andrews filed a separate demurrer.

The court sustained Andrews' demurrer and the plaintiffs elected to discontinue as to him.. The court overruled the appellant's demurrer, and he rested and final judgment was rendered against him, and he appealed to this court and obtained a supersedeas.

This is a suit at law and commences as follows :

"Charles E. Morgan, William B. Buck,
Albert Perrin and Emerson G. Elkington,          }  *Plaintiffs.*
Firm name of E. C. Morgan & Co.,

         *vs.*  } Complaint at law.

James McLeran, and Marquis L. Andrews,           }  *Defendants.*
  administrator of James O. Gill.

The plaintiffs, in the above entitled case, state that the defendants, James McLeran and James O. Gill, now deceased, the said Marquis L. Andrews, his administrator, by their promissory note, dated October 6, 1868, agreed to pay to the plaintiffs, six months after date thereof, the sum of $1466 $\frac{32}{100}$, which note is herewith filed and made a part of this complaint.

No part of said debt has been paid, wherefore they pray judgment for their debt and for other relief."

The note filed answered the description of the complaint and was signed " McLeran & Gill."

The appellant set up three causes of demurrer : First, That the complaint is insufficient in law ; Secondly, The matters and things therein contained, do not constitute a cause of action by plaintiffs against these defendants. Lastly, that there is a misjoinder of parties defendants.

The first and second causes of demurrer amount, in substance, to the same and may be considered together.

It is suggested that the style of the court is not given, which is likely a misprision in making up the transcript; at all events, it is one of those formal defects that the court below should always allow corrected, upon motion, and as no objection was made there, it cannot be successfully urged in this court.

It is urged that the complaint is insufficient, because the body of it does not contain the name of each plaintiff, with the averment that they did business in a firm name stated, and also an averment that the defendants were indebted to them and that they executed the note in a certain style, etc.

*Section* 109, of the Civil Code, states what the complaint must contain:

*First*, The style of the court.

*Second*, The style of the action, consisting of the names of all the parties thereto, distinguishing them as plaintiffs and defendants, followed by the words " complaint at law," etc.

*Third*, A statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action.

*Fourth*, A demand of the relief to which the plaintiff considers himself entitled.

*Section* 138, declares if the action is founded on a note, or other writing as evidence of indebtedness, it must be filed as a part of the pleading. In this case, the style of the action is sufficiently stated, the names of all the parties and the firm name of the plaintiffs given, and it is not necessary to repeat all these in the body of the complaint if they are sufficiently referred to, as in this case, to fully apprise the defendants, whose complaint they are to answer, and followed by sufficient averments of the nature and cause of the action.

The appellant, also, urges that there is no averment of his (James McLeran's) liability. He (James McLeran) is charged as being one of the defendants; the complaint avers that the

defendants, by their promissory note, bearing date, etc., six months after date, etc., agreed to pay the plaintiffs $1466 $\frac{39}{100}$ etc., and filed the note and made it a part of the pleading.

This sufficiently advised the defendant as to what he was called upon to answer, and the note being on file and forming a part of the pleading, the defendant was thereby fully advised as to the terms of the note and the manner of its execution, and consequently could have well set up any defense he may have had to the merits of the action.

There is no error in the judgment rendered by the court below and that judgment is affirmed with the usual damages.