State v. Hill.

## OPINION.

## STATE v. HILL.

1. JUDGMENTS :   *Based on false return of service : Relief against in equity.*

    The false return of an officer, that he has served process issued against a defendant, will not preclude the latter from showing the truth in a proceeding in equity to avoid a judgment at law based on such return. The principle of Ryan v. Boyd, 33 Ark., 778, is to this extent reaffirmed.  But equity will not interfere to relieve against a judgment obtained without service, where the judgment defendant has no meritorious defense to the action in which such judgment was obtained ; and upon this point, Ryan v. Boyd is over-ruled.

2. ESTOPPEL :   *To deny signature as surety of administrator.*

    Where the name of a person is signed to an administrator's bond as surety thereon without his knowledge and by one acting without his authority, if on being informed of the fact that his name appears on the bond, he makes no objection thereto, and silently permits the administration to proceed under the bond until the administrator commits waste, he cannot afterwards avoid liability for such waste by repudiating the signature.

APPEAL from *Johnson* Circuit Court.
G. S. CUNNINGHAM, Judge.

*F. R. McKennon,* for appellant.

State v. Hill.

STATEMENT.

On the 25th day of February, 1882, Emma T. Hill was appointed administratrix of the estate of John F. Hill, deceased, by the probate court of Johnson county, and executed the bond required by law with the names of the appellees appearing thereon as two of her sureties. In August, 1883, the administratrix resigned. An administrator *de bonis non* was appointed, and the administratrix was ordered to deliver to him the money and effects of the estate in her possession. She failed to pay over all the money referred to in the order, and an action to recover the balance was brought against her and the appellees and other sureties on her bond, at the May term of the Johnson circuit court, for the year 1884. A summons against the appellees and others was directed to the sheriff of Johnson county and was returned duly served. The record shows that the defendants who were served with process appeared by attorney and demurred to the complaint; and at the May term, 1885, it apppears that the sufficiency of the complaint was conceded, and that without further defense a judgment was rendered against the appellees and others—the defendants in that suit—for the sum of $681 09, together with costs, Execution having been issued on such judgment and levied on the property of appellees, they brought this suit to restrain further proceedings under the execution and to vacate the judgment at law recovered against them. As the grounds on which such relief is asked, they allege that they did not sign or authorize any person to sign for them, the bond of the administratrix on which the judgment against them was obtained; that the summons which issued in that action was not served upon either of them, and that the attorney who appeared for the defendants therein did so without the authority, or knowledge of the appellees. The answer of the

appellants—defendants in this cause—alleges that the appellees were duly served with process in the action at law, and that they appeared therein by attorney and demurred, and consented to a continuance. The court below vacated the judgment against the appellees and made perpetual a temporary restraining order which was granted against the appellants at the commencement of the suit. From that decree the defendants in the present suit have appealed.

*F. R. McKennon,* for appellant.

The sheriff's return of service is conclusive. 25 *Ark.*, 311; 30 *Id.*, 146; 14 *How.*, 584; *Murfree on Sheriffs, sec.* 868, *and note* 3; *Crocker on Sheriffs, sec.* 44; 44 *Ind.*, 290; 2 *Paige*, 418; 5 *Blackf.*, 421. It the sheriff's return is false, the remedy is against him for a false return. 25 *Ark.*, 311; 40 *Id.*, 141; *Wait's Ac. and Def., Vol.* 4., *p.* 695; 14 *How.*, 584.

The preponderance of evidence is that the appellees were summoned and appeared in person, or by attorney.

*J. N. Sarber,* for appellees.

A judgment without notice is null and void (*Mansf. Dig., sec.* 5201; *Freeman. on Judg., sec.* 495), and the sheriff having made a false return of service, equity will relieve. *High. on Inj., sec.* 126. Especially where the judgment is unjust, and is not the result of negligence. 43 *Ark.*, 107; 33 *Ark.*, 778; 17 *Id.*, 83.

Appellees show a good defense. They never signed the bond, nor authorized any one to sign for them; nor were they summoned to appear; nor had they any notice of the pendency of the suit. Appellees have no remedy at law.

State v. Hill.

OPINION.

COCKRILL, C. J.  The doctrine announced in *Ryan v.* [1. J U D G-
MENTS:
*Boyd*, 33 *Ark.*, 778, that an officer's false return of service  Based on
false return
of process, shall not preclude the defendant from showing  of service.
the truth in a proper proceeding to be relieved from the
burden of a judgment based thereon, is, we think, sustained by
reason and the weight of authority.  *Gregory v. Ford*, 14
*Cal.*, 138 ; *S. C.* 73 *Am. Dec.*, 639 *and note ;* 19 *Am. Dec.*
*Note,* p. 137; 2 *Lead. Cases in Equity, Part* 2, *p.* 370; *Dun-
can v. Gerdine*, 59 *Miss.*, 550; *Owen v. Ranstead*, 22 *Ill.*;
161; *Colson v. Leach*, 110 *Ib.*, 504; *Chambers v. Co.*, 16
*Kans.*, 270; *Blakely v. Murphy*, 44 *Conn.*, 188.

The consideration of public policy which requires that a
record shall be taken as bearing incontrovertible truth upon
its face, [*Boyd v. Roane,* 49 *Ark.*, 397; *Newton v. State Bank*,
14 *Ark.*, 12,] yields to the equitable principle that one who
.is guilty of no laches shall not be held to pay the penalty of
another's fraud or mistake, if he takes prompt and proper
steps to be relieved from the danger of impending injury.

Evidence tending to contradict the record is heard in
such cases not for the purpose of nullifying the officer's re-
turn, but to show that by the judgment the defendant has been
deprived of the opportunity of asserting his legal rights
without fault of his, and that it would be unfair to allow the
judgment to stand without affording him the chance to do
so.  The principle that affords relief to one who has been
actually summoned but has been prevented through una-
voidable casualty from attending the trial, governs.

Relief is not granted merely because the court assumed
jurisdiction of the defendant's person upon a false return of
service of process.  2 *Story Eq.*, *sec.* 898 *and n.*  To war-
rant interference the false return must have resulted in an
injury to the defendant under such circumstances as would

State v. Hill.

render it unconscionable to permit the judgment to be exe-cuted. *Gibson v. Armstrong*, 32 *Ark.*, 438; *Secor v. Wood*, 8 *Ala.*, 500; *Fowler v. Lee*, 10 *G. & J.*, 358; *Johnson v. Branch*, 48 *Ark.*, 535.

One who is agrieved by a judgment rendered in his ab-sence must show not only that he was not summoned, but also that he did not know of the proceeding in time to make defense, in order to get relief in equity. *Lead. Cases in Eq. Sup. Bently v. Dillard*, 6 *Ark.*, 79; *Conway v. Ellison*, 14 *Ib.*, 360.

The principle, which lets the defendant show the truth against the return of service is not in conflict with the rule which precludes him from traversing the truth of the officer's return in the cause in which it is made before judgment, [See St. Louis, Iron Mountain & Southern Railway, *Ex. parte*, 40 *Ark.*, 149; *Herman on Estop.*, sec. 452, *p.* 540] be-cause he is then put upon his guard in time to prevent an unjust judgment by making his defense to the action; and if he fails to do so, he will be taken as making his election to look to the officer who made the false return for in-demnity.

We reaffirm the principle of Ryan v. Boyd to the extent above stated. But we cannot accede to the doc-tine there announced that a judgment at law will be vacated in equity where the judgment defendant has no meritorious defence to the action in which the judgment was rendered. Such a rule is contrary to the principle upon which equity interferes in such cases—that is to prevent an unconscionable advantage. If the court ought to have compelled the payment of the demand upon which suit was brought, only a technical and not a real wrong is done the defendant in entering the judgment against him; and by affording him the opportunity of offering his defense before the judgment can be enforced, he is not deprived of any

constitutional or other right. The rule requiring a showing of merits before relieving against a judgment obtained through unavoidable casualty or misfortune, has always been enforced by this court, both before and since the decision in the case of Ryan v. Boyd. It holds good, it seems, even in cases where the judgment is obtained through fraud. *White v. Crow*, 110 *U. S.*, 183; *Lawson v. Bettison*, 12 *Ark.*, 401.

When equity ventures to interfere with a judgment at law because of an officer's false return of service of process, it is upon one of these well established heads of equity jurisdiction; and the reason which demands the application of the rule in one instance applies also in the other. "In analogy to its usual course of procedure," say the supreme court of California in *Gregory v. Ford, sup.*, "it would seem that the judgment plaintiff having acquired without any fraud on his part, a legal advantage, would be permitted to retain it as a means of securing a just debt; and that a court of equity would not take it away in favor of a party who comes into equity acknowledging that he owes the money, and claims only the barren right of being permitted to defend against a claim to which he had no defense. It would certainly seem that it would be quite as equitable to turn the defendant in execution over to his remedy against the sheriff for a false return under such circumstances, as to relieve him from the judgment and turn the plaintiff for redress to the sheriff. For the effect of vacating the judgment now would be to release the defendant from the debt as the statute of limitations has intervened."

The better established rule unquestionably is, that before a court of equity will relieve against a judgment for want of service on the defendant, the latter must aver and prove that if the relief is granted a result will be attained different from that reached by the judgment complained of. *Freeman on Judgments*, sec. 498; 3 *Pomeroy's Eq.*, sec. 1364 *n.* 1;

State v. Hill.

*Colson v. Leitch,* 110 *Ill.,* sup.; *Gregory v. Ford,* 14 *Cal.,* sup.; *S. C.* 73 *Am. Dec.,* n. 644; *Taggart v. Wood,* 20 *Iowa,* 236; *Secor v. Wood,* 8 *Ala.,* sup.; *Sanders v. Albritton,* 37 *Ib.,* 716; *Fowler v. Lee,* 10 *G. & J.,* sup.

The statute expressly requires a defense to be shown in all cases in which the proceeding to vacate may be had in the court which rendered the judgment. *Mansf. Dig.,* 3912; *Boyd v. Roane,* 49 *Ark.,* sup. And whether this case comes within the statute or not, the rule is applicable. Ryan v. Boyd is overruled upon that point.

No question is made on the mode of procedure in this case. The court vacated the judgment which had been rendered against the parties who are plaintiffs here, and counsel present the cause on its merits. We are constrained to reverse the decree. Passing over the requirement of strict proof from the judgment defendant to overcome the effect of the officer's return of service, sustained as it was by his affirmative testimony that the service was had as returned on one of the appellees at least; and conceding that it is proved that the attorney who appeared for the defendants in that action did so without the authority or knowledge of the plaintiffs in this cause, that his appearance therein does not conclude them now, and that they had no knowledge of the suit against them until judgment had been rendered and the term had elapsed, the rule that a defense to the action at law is not satisfactorily shown, is fatal to the decree. If it appeared from the record that the plaintiffs had failed to disclose their defense in this proceeding in reliance upon Ryan v. Boyd, sup., we would remand the cause to give them the opportunity to do so. But the bill alleges their pretended defence, and they undertook to support it by proof. In both instances they overshot the mark—they alleged and proved too much. An administrator's bond upon which the names of the plaintiffs in this suit appear as

State v. Hill.

sureties, was the foundation of the action in which the judgment now complained of was rendered. The plaintiffs here say that their defence to the action was that they did not sign the bond or authorize any one to do it for them.

The bond was executed apparently as a sort of family or friendly arrangement, the names of the plaintiffs being signed in their absence, by one of the sureties at the suggestion of John R. Hill, another surety. John R. afterwards informed the plaintiffs (now the appellees) that they had been made sureties in the bond. According to the testimony of Z. T. Hill, one of the appellees, this may have been before the bond was approved by the probate court; according to that of H. L. W. Hill it was certainly while the administratrix was acting under the authority of the bond. The allegation of the bill upon this point is that they did not know that they appeared as sureties in the bond until after the same had been filed and approved in the probate court.

2. Estoppel: To deny signature as surety of administrator.

Construing this allegation most strongly against the parties making it, we cannot say that any considerable time elapsed between the filing and approval of the bond and the occasion of John R. Hill's communication to them of the fact that they had been put in as sureties to the bond. They made no protest or objection when informed of the fact or at any other time until their property was seized under the judgment.

The first intimation of disapproval of the use of their names as bondsmen, was the filing of the complaint in this cause. They knew that the administratrix had qualified and was acting by virtue of the bond upon which they appeared as sureties. They stood by and permitted her to proceed under the bond, thereby leading the creditors and others in interest to believe that they were sureties for the faithful execution of the trust. After it was believed that the administratrix was guilty of waste, when the liability of

30

the bondsmen was discussed with one of the plaintiffs and in the presence of the other, neither of them intimated that the bond was not his own.

Their silence through all this period indicates acquiescence in the act of their friends in signing their names to the bond, and was an adoption of their acts. "It is a very clear and salutary rule in relation to agencies that when a principal with the knowledge of all the facts, adopts or acquiesces in the acts done under an assumed agency, he cannot be heard afterward to impeach them, under the pretence that they were done without authority, or even contrary to instructions. . *Omnis ratihibitio mandato aequiparatur.*" *Kelsey v. National Bank,* 69 *Penn. St.,* 426; *Whart. Agency,* sec. 86. If these plaintiffs did not intend to take this liability upon themselves, they should have repudiated the act so that the creditors might not have been misled to their prejudice. It was too late after the injury was done. The showing made by the plaintiffs induces us to believe that they have no meritorious defence to the demand upon which the judgment was rendered. The decree granting them relief is therefore reversed, and their bill is dismissed.