QUERTERMOUS *v.* TAYLOR.

Opinion delivered October 3, 1896.

EQUITY— OVERCOMING ANSWER BY PROOF.—The ancient rule of equity
that where an answer is responsive to the complaint it must be
overcome by the testimony of two witnesses, or of one with strong
corroborating circumstances, has been abolished by the code.

AGENT'S PURCHASE AT HIS OWN SALE— EFFECT.—If an agent pur-
chases at his own sale, without informing his principal of such
fact, the sale will be set aside, at the option of the principal.

Appeal from Arkansas Chancery Court.

JAMES F. ROBINSON, Chancellor.

STATEMENT BY THE COURT.

The appellees, John Y. Taylor *et al.*, who resided in Tennessee, owned lands in Arkansas. They employed the appellant, F. M. Quertermous, a resident of Arkansas, to sell certain tracts of their lands. He afterwards informed them that one Derreisseaux wished to purchase the land, and had offered therefor the sum of $1,000. Acting under the advice of said appellant, the appellees accepted the offer, and conveyed the land to Derreisseaux for $1,000. Of this sum, they paid appellant $100 for making such sale. They afterwards learned that Derreisseaux was only a nominal purchaser, his name having been used for the benefit of appellant Quertermous, who paid the purchase money, and became the real owner of the land. They thereupon filed a complaint in equity, alleging, in addition to the above facts, that Derreissaux, at the instance of Quertermous, had sold and conveyed a portion of the land to third parties, the consideration for which sale was paid to Quertermous; that the remainder of the land had, by several *mesne* conveyances, been transferred to Quertermous, who had transferred it to his mother and sister; that no consideration was paid by the mother and sister, and the land was held for the benefit of appellant. The mother afterwards died, and by her will devised the land to her daughter, the sister of appellant, who was made defendant. They further alleged that, out of the proceeds of that portion of the land sold to third parties, Quertermous received more than the sums paid by him to appellees.

Prayer that the conveyances to his mother and sister be set aside, that an account be stated against Quertermous, and that they have judgment against him for amount received by him from sale of lands in excess of the amount paid appellees and reasonable commissions for selling land. The appellees answered, denying allegations of complaint. Upon the hearing, the chancellor

found that the allegations of the complaint were true, that Quertermous had received for that portion of the land sold by him an amount largely in excess of the sums paid by him to appellees. The conveyances made by Quertermous to his mother and sister were cancelled, and the title to that portion of the land vested in appellees.

*Met L. Jones, W. H. Halliburton* and *John F. Park*, for appellants.

1. There was no relation of agent in this cause. 1 Bouv. Dict. p. 84, par. 2; Story, Agency (4 Ed.), p. 3; 1 Am. & Eng. Enc. Law, p. 1. Mere declarations of agency are not sufficient. 22 S. W. 504; 23 *id.* 910; 29 *id.* 943.

2. Appellee must put appellant *in statu quo*, before asking a rescission. This he has not offered to do. 12 L. R. A. 240; Hempst. 710, 711; 15 Ark. 286–293; 25 *id.* 204, 53 *id.* 17.

3. There is no proof of fraud. 7 Ark. 167; 11 *id.* 58; 46 *id.* 245; 31 *id.* 170; 3 L. R. A. 801.

RIDDICK, J., (after stating the facts). We are of opinion that the decree of the chancellor should be affirmed. The appellant F. M. Quertermous in his answer denies that he was the agent of appellees, but he afterwards states facts that show conclusively that he was such agent. He states, both in his answer and deposition, that appellees, desiring to sell the land described in the complaint, agreed to pay him to find a purchaser for said lands; that he afterwards negotiated a sale of the lands to one Derreisseaux, to whom appellees conveyed the lands for a consideration of one thousand dollars. They paid appellant for negotiating the sale the sum of one hundred dollars. These statements of appellant show that he acted as agent of appellees in making the sale to Derreisseaux. He may

not have been the general agent of appellees, nor author-
ized to sell other lands belonging to them, but that is a
matter of no moment here, for the only sale complained
of is this sale, which he states that he made for appel-
lees, and received from them pay for such service.

The only debatable question in this case is whether
the evidence shows that Quertermous was interested as
a purchaser in the sale made by him for appellees.
The lands were conveyed to one Derreisseaux, but he
had transferred the title before the commencement of
the action, and was not made a party, and did not testify.

The deed executed by appellees to Derreisseaux was
sent by them to a bank at Pine Bluff, as directed by
appellant Quertermous. Quertermous received the deed,
and paid the purchase money to the bank, and after-
wards continued to control and dispose of the land. He
says that he was acting as the agent of Derreisseaux,
but the facts and circumstances in proof justified the
chancellor in finding that this was only a subterfuge,
and that Quertermous himself was the real purchaser
of the land. In any event, we cannot say that the
finding of the chancellor on this point is clearly against
the weight of evidence, and it must stand.

The appellants contend that, as they alleged in <span style="font-size:smaller">**Practice as to overcoming answer by proof.**</span>
their answer matters of defenses directly responsive to
the allegations of the complaint, to overcome this
defense it was necessary to substantiate the averments
of the complaint by the testimony of two witnesses, or
of one witness with strong corroborating circumstances.
But this contention cannot be sustained, for the rule in
question was changed by the code of civil practice.
*Conger* v. *Cotton*, 37 Ark. 286.

Having concluded that the evidence was sufficient <span style="font-size:smaller">**Effect of agent's purchase at his own sale.**</span>
to support the finding of the chancellor that appel-
lant purchased at a sale made by him for appellees
without informing them of that fact, it follows that

the chancellor was right in holding that appellees were not bound by such sale, for there are few propositions of law better settled than the one which holds that, if an agent purchases at his own sale without informing his principal of such fact, the sale will be set aside at the option of the principal. The amount of consideration, the absence of undue advantage, and other similar features are wholly immaterial. "Nothing," says Mr. Pomeroy, "will defeat the principal's right of remedy except his own confirmation after full knowledge of all the facts." 2 Pom's Eq. Jur., sec. 959, and cases cited.

The judgment is affirmed.

BATTLE, J., absent.