CARPENTER v. INGRAM.

Opinion delivered December 16, 1905.

1. REPLEVIN—SUFFICIENCY OF COMPLAINT.—A complaint in replevin which alleges that the property sought to be recovered is in the office of the defendant corporation and is being held illegally by three of its four stockholders, in the absence of a motion to require it to be more specific, is sufficient to sustain a judgment by default against the corporation. (Page 302.)

2. Same—answer inuring to benefit of all defendants.—Where a cor-
poration and three of its stockholders are sued in replevin, an answer
filed by the stockholders which, while disclaiming title in themselves
· as individuals, alleges that they hold possession for the corporation,
inures to the benefit of the corporation, and states a defense common
. to all the defendants. (Page 302.)

3. Appeal—final judgment.—A recital in the judgment record of a re-
plevin case that the plaintiff moved the court for judgment against
one of the defendants for want of an answer, and that the court found
from the complaint that such defendant was not required to answer,
as there did not appear to be an allegation charging such defendant
with being in the possession of the property claimed, to which ruling
the plaintiff at the time excepted, does not, in the absence of any
further order, appear to be a final judgment, from which an appeal
would lie. (Page 303.)

Appeal from Arkansas Circuit Court; George M. Chapline,
Judge; appeal dismissed.

### STATEMENT BY THE COURT.

This is an action in replevin, brought by appellant, W. N.
Carpenter, against the appellees, I. W. Ingram, C. M. Farmer,
John G. Quertermous and the Carpenter Investment Company,
the latter being a domestic corporation, for recovery of a lot of
law books and office furniture situated in the office of the defend-
ant corporation in Stuttgart, Arkansas. A complaint, affidavit
and replevin bond were filed by the plaintiff, and summons and
an order of delivery were duly issued. All four of the defendants
executed, jointly, a bond with security, as provided by law, con-
ditioned that the defendant corporation should perform the judg-
ment of the court in the action. Defendants Ingram, Farmer and
Quertermous filed an answer as follows:

"W. N. Carpenter........................Plaintiff

　　*v.*

"I. W. Ingram, C. M. Farmer,

"John G. Quertermous, and

"The Carpenter Investment Company.......Defendants.

"Come the defendants, I. W. Ingram, C. M. Farmer and
John G. Quertermous, in their individual capacity, each as sued
in the complaint sued on herein, and state:

"1. That in their private individual capacity they, and
neither of them, claim any of the property set out and described
in the complaint and affidavit herein.

"2. They and neither of them as individuals are in the possession of said property, and they deny that they or either of them are holding said property or detaining same or any part thereof.

"3. They state that all of said property belongs to, and is in the possession of, the Carpenter Investment Company, a corporation duly organized and existing under the laws of the State of Arkansas, and having its office and place of business in the city of Stuttgart, in said county of Arkansas, and that these defendants have no interest in said property set out in the complaint and affidavit, except as stockholders in said Carpenter Investment Company.

"Wherefore they ask that this cause as to them be dismissed and that they have their costs herein expended and for other relief."

The Carpenter Investment Company filed no answer, and the plaintiff filed a written motion for judgment against it for want of an answer. The court made the following order, denying the motion:

"Plaintiff moved the court for judgment against the Carpenter Investment Company for want of an answer, and the court finds from the complaint that the Carpenter Investment Company is not required to answer, as there does not appear to be an allegation charging it with being in the possession of the property claimed; to which ruling of the court the plaintiff at the time excepted."

The plaintiff appealed to this court from the above order, no further judgment or order being rendered by the court.

*H. A. & J. R. Parker,* for appellant.

If the allegations in the complaint as to the Investment company were insufficient, they were cured by the answer. Kirby's Digest, § 6091, note E. The company, by executing bond to perform the judgment of the court in the action, thereby entered its appearance, and waived all objections to the sufficiency of the affidavit. 6 Ark. 549; Cobbey. on Replevin, § § 701, 728; Crawford's Dig. 30.

*John F. Park,* for appellee.

In the circuit court, the affidavit for replevin is not a part of the complaint which the defendant is bound to answer. Kirby's Digest, § 6033; 34 Ark. 111; 44 Ark. 376; 67 S. W. 225. Lawson, Rights, Rem. & Pr. vol. 5, § 3649; 48 Am. Dec. 696.

The plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's. 5 Wait's Act. & Defs. 457; 8 N. W. Rep. (Iowa), 786.

McCULLOCH, J., (after stating the facts.) The court erred in its reasons stated for refusing to enter judgment against the defendant corporation. The allegations of the complaint were, in the absence of a motion to require them to be made more specific, sufficient to warrant a judgment thereon. The corporation is named in the complaint as one of the defendants, and it is therein alleged that the property "is now in the office of the Carpenter Investment Company, and is being illegally held by I. W. Ingram, C. M. Farmer and John G. Quertermous, who are three out of four owners of the Carpenter Investment Company." The corporation retained possession of the property by joining in the execution of a bond undertaking to perform the judgment of the court. If more specific allegations were to be required to the effect that the corporation was in possession of the property and wrongfully withholding the same from the plaintiff, the defect should have been met by a motion asking that the complaint be made more specific.

It does not follow, however, that the plaintiff was entitled to a judgment by default against the corporation. The answer filed by its codefendants tendered an issue which was a good defense to the action. They disclaimed any title in themselves, as individuals, but set up title and right of possession in the corporation. Replevin is a possessory action, and the plaintiff in all such actions must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's title. These defendants, in effect, while disclaiming any title in themselves as individuals, alleged that they held possession for the true owner, the Carpenter Investment Company. This was a good defense, and the answer inured to the benefit of the corporation, as it stated a defense common to all the defendants. *Lowe* v. *Walker, ante* p. 103; *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1.

A trial should have been had upon the issue thus tendered.

But the refusal of the court to render judgment by default against one of the defendants was not a final judgment from which an appeal would lie, and the appeal taken by the plaintiff was premature. The action is still pending in the circuit court, and the appeal must be dismissed at the cost of appellant. *Gates* v. *Solomon*, 73 Ark. 8.

It is so ordered.