## LADENBERG v. BEAL-DOYLE DRY GOODS COMPANY.

### Opinion delivered July 8, 1907.

AGENCY—RATIFICATION.—Where a merchant was in the habit of pledging the accounts against his customers to a bank, and gave notice thereof to a certain customer, an implied promise arose on the customer's part to pay the accounts to the bank, which will not be discharged by payment to the merchant; but where the bank has without objection repeatedly accepted payments made by the customer through the merchant, it will be held to have acquiesced in the acts of its merchant as its agent, and to be bound thereby.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellants.

Where a debt has been assigned, and the debtor has notice of the assignment, he must pay to the assignee; and if he pays to the original creditor, it is at his peril. 4 Cyc. p. 90; 10 Ark. 429; 91 N. Y. Supp. 520; 120 App. Div. 247; 74 N. E. 1126. There is no element of agency in this case—no delegation of authority. Mechem on Agency, § 342; Dunlap's Paley on Agency, 274; 2 Sand. Ch. 325; 28 N. J. Eq. 13; 1 Vern. 150; 68 N. Y. 130; 103 N. Y. 556; 9 N. E. 323; 50 Iowa, 459; 46 Ark. 211; 65 *Id.* 325; 75 *Id.* 170. Nor were appellants estopped on the assumption of not objecting to the payments made to the Brown Company. There can be no estoppel unless the person setting it up has been deceived by the conduct of his adversary. 11 Am. & Eng. Enc. Law pp. 421, 422, 424, 434; Colebrooke, Coll. Sec. § § 433; Bigelow on Estoppel (5 Ed.), p. 570; 15 Ark. 55; 22 *Id.* 489; 24 *Id.* 251; 30 *Id.* 407; 39 *Id.* 131; 53 *Id.* 196; 54 *Id.* 465; 63 *Id.* 300; 72 *Id.* 83; 76 *Id.* 472.

*Moore, Smith & Moore,* for appellee.

Appellee made the payments to the Brown Company, believing it to be the agent of appellants, and appellants are estopped by their acquiescence. 39 Ark. 134-5; 53 *Id.* 201.

2. Appellants are not the real parties in interest, and cannot maintain this suit except in the name of their assignor. Kirby's Digest, § 6000; 47 Ark. 548.

McCULLOCH, J. The plaintiffs (appellants), Ladenberg, Thalman & Co., are bankers in the city of New York, and advanced large sums of money during the year 1903 to the James Freeman Brown Company (hereinafter called the Brown Company) who were mill agents in said city, selling the product of various cloth factories. They sold merchandise to wholesale merchants throughout the country, and as they made sales they pledged the accounts against their customers to the plaintiffs, and other bankers making advances to them, as collateral security for said advances.

When they made sales to customers, duplicate invoices were made out, one on a bill-head of plaintiffs, reciting that it was

for merchandise delivered by James Freeman Brown Company, and bearing the following indorsement in red ink: "Make all remittances to Ladenberg, Thalman & Company, P. O. Box 375, New York." This was delivered to plaintiffs, and by them mailed to the purchaser. The other was made out on their own bill-head, bearing the following indorsement in type: "This bill is payable to Ladenberg, Thalman & Company, 25 Broad St., New York. Make checks payable to order Ladenberg, Thalman & Company, and mail direct." This was also mailed to the customer by the Brown Company.

The defendant, Beal-Doyle Dry Goods Company, a corporation engaged in the wholesale dry goods business in the city of Little Rock, was a customer of the Brown Company, and in the spring of 1903 gave an order to the Brown Company for goods aggregating about $30,000 in price. These goods were shipped from time to time up to and including the month of August, 1903, and invoices therefor were sent in the manner just described. All of these invoices were not, however, pledged to plaintiffs, but some were pledged to other bankers.

The Brown Company became insolvent in December, 1903, and went into bankruptcy; and the plaintiffs instituted this action to recover the sum of $739.42 on three invoices of goods sold to defendant and pledged to the plaintiffs, aggregating the above-named amount. Defendant had paid these sums direct to the Brown Company when the bills fell due, as well as many other invoices pledged to plaintiffs, and had also made remittances to plaintiff covering other invoices. All of the other remittances made to the Brown Company covering invoices which had been assigned to plaintiffs were, it appears, reported to plaintiffs by the Brown Company and satisfactorily accounted for in some way, but no report of the payment of these invoices was made. All these transactions occurred before the Brown Company went into bankruptcy. After the adjudication in bankruptcy, appellants wrote to appellee for the first time demanding payment of these invoices.

When defendant gave the order for the goods to the travelling salesman of the Brown Company, none of its (defendant's) officers or agents were apprised of any interest of the plaintiffs in the sales, and the only notice or information given to de-

fendant of the pledges of the invoices to plaintiffs was the indorsements upon the invoices already described. Plaintiffs communicated no objection to defendant to the payments made direct to the Brown Company, though it is shown by the evidence that defendant made remittances from time to time direct to plaintiffs after having made remittances to the Brown Company, on the pledged invoices, some of which remittances were reported to plaintiffs and accounted for as already stated. Was the jury unwarranted, under these circumstances, in returning a verdict in favor of the defendant?

The court gave the following instruction over the objection of the plaintiff:

"If you find from the evidence that the debt from Beal-Doyle Company to James Freeman Brown Company was pledged to plaintiffs, and that the goods for the purchase of which the debt was created were delivered to Beal-Doyle Company with notice to pay the price therefor to plaintiffs, and Beal-Doyle accepted the goods with said notice, then an implied promise arose on the part of Beal-Doyle to pay plaintiffs therefor, and payment to James Freeman Brown would not discharge that promise, and your verdict will be for plaintiffs, unless you find from the evidence that Ladenberg, Thalman & Company, the plaintiffs, prior to the payment of the accounts in question to James Freeman Brown Company, knew that Beal-Doyle Dry Goods Company were making payments to James Freeman Brown Company as agent of plaintiffs on accounts assigned to plaintiffs, or had knowledge of such circumstances as would put a reasonably prudent person upon inquiry as to whether such payments were being made, and the prosecution of such inquiry would have led to the disclosure of the fact that Beal-Doyle Dry Goods Company were making payments to James Freeman Brown, as agents of plaintiffs, and with such knowledge or knowledge of such circumstances plaintiffs made no protest against such payments, but acquiesced therein, then plaintiffs by their acquiescence in such course of dealings between defendant and James Freeman Brown waived the right to insist upon payments being made to them, and under such circumstances they cannot recover against Beal-Doyle Dry Goods Company for the accounts sued on, if you find they were paid to James Freeman Brown."

We think the instruction was a correct statement of the law applicable to the case, and that the evidence warranted the verdict. The goods were purchased from the Brown Company by appellee, and appellee's officers and agents, of course, knew that the former were interested in collecting the price, notwithstanding the pledge to appellants. Appellants were advised that appellee was making payments from time to time on the pledged invoices direct to the Brown Company and made no objection thereto. In, some instances the Brown Company delivered the checks over to appellants, and in other instances merely reported the collections, and the invoices were stricken off the list of pledges. They permitted the Brown Company to make collections from customers as if the invoices had not been pledged, and acquiesced in the payments made direct to them.

We have not here a case where a single payment was made and accepted, but where such payments were repeatedly made and acquiesced in by appellants. They stood by and tolerated, without objection or protest, the course of conduct on the part of the Brown Company in accepting payment on the pledged invoices when they must have known that the payments were made in reliance that the Brown Company had authority to collect. One cannot accept the benefit of the act of an assumed agent and remain silent without binding himself by those acts, nor can he, when he has acquiesced in the course of conduct of an assumed agent, be heard to say that no authority existed. *State* v. *Hill,* 50 Ark. 458.

"It is a very clear and salutary rule in relation to agencies that when a principal, with the knowledge of all the facts, adopts or acquiesces in the acts done under an assumed agency, he cannot be heard afterward to impeach them, under the pretense they were done without authority or even contrary to instruction." *Kelsey* v. *National Bank,* 69 Pa. St. 426.

Nor is this a case where a creditor merely accepts a payment made to one without authority, or pretense of interest or authority, under circumstances where it may be assumed that the one making the payment constituted the other his agent to pay the money over to the proper party to whom it is due. These payments were made to the Brown Company, which had an interest in the collection as pledger, and appellants had no right

to assume that appellee, in paying to the Brown Company, meant to constitute the latter its agent for the purpose of transmitting the funds to appellants. On the contrary, they must have known that appellee was paying to the Brown Company as appellant's agents, believing they had authority to collect. The fact that appellants in some instances permitted the Brown Company to retain the funds collected and relinquished their rights in the invoices covered thereby, shows that they treated the Brown Company as their agent, and not the agent of appellee.

We think the evidence warranted the jury in finding that appellants repeatedly ratified the acts of the Brown Company in collecting amounts due on pledged invoices, and, by failing to make objection, consented to the making of payments in that way. They cannot, after having done that, complain of the payments thus made and demand payment a second time from appellee.

Judgment affirmed.

BATTLE, J., dissents.