## COLEMAN *v.* BERCHER.

### Opinion delivered March 28, 1910.

1. STATUTES—CONSTRUCTION OF CODE OF PRACTICE.—The primary object of the Code of Practice is the trial of causes upon their merits, and that the rights of suitors may not be sacrificed to technical mistakes, omissions or inaccuracies. (Page 347.)

2. PLEADING—AMENDMENT.—Under Kirby' Digest, § 6145, providing for amendment of pleadings at any time in furtherance of justice, a complaint may be amended by permitting plaintiff or her attorney to sign the complaint after defendant moved to strike out the complaint because it was not signed. So an affidavit made by plaintiff's attorney may be amended to show that he made it as her attorney. (Page 347.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Edwin Hiner,* for appellant.

The Code of Practice enjoins upon the courts the duty of allowing amendments to pleadings. Kirby's Dig., §§ 6145-6148. Under a statute like ours the court may permit the petition to be signed at the return term. 7 Mo. 187. The failure to sign the petition cannot be regarded as a matter of substance, and

therefore does not render the judgment void.   131 Mo. 258; 33
S. W. 6.   When a motion is filed to permit the party or his at-
torney to sign the pleadings, it takes precedence over a motion
to reject the pleading for want of signature.   15 N. E. 217.
When the complaint is signed, the defect is cured.   13 Ind. 445;
28 Ind. 473; 53 Ind. 484; 99 Ind. 68.

Appellee, *pro se*.

HART, J.   Fannie Coleman brought an action of unlawful
detainer in the Sebastian Circuit Court, Fort Smith District,
against Leo Bercher.   The statutory notice was given, and the
complaint, affidavit and bond contemplated by section 3634 of
Kirby's Digest were filed by plaintiff.

The complaint was not signed, but the affidavit referred to
was attached to it, and was signed and sworn to by Edwin Hiner.

The defendant did not file an answer, but made a motion
to strike the alleged complaint from the files of the court because
it was not signed by the plaintiff, or by any one else in her be-
half; and because the verification of the alleged complaint was
not signed by the plaintiff or any one purporting to have au-
thority to act for her.

Then Edwin Hiner for the plaintiff asked that he be al-
lowed to sign the complaint as her agent and attorney; and also
asked leave to amend the affidavit attached thereto by showing
that said Edwin Hiner, who made the affidavit, was at the time
of filing and signing it the agent and attorney of the plaintiff.
The court denied his request, and dismissed the complaint.   The
plaintiff has duly prosecuted an appeal to this court.

It is conceded that the action of the court was based upon
sections 3634 and 6120 of Kirby's Digest, and the decision of
the court in the case of *Carrington* v. *Hamilton*, 3 Ark. 416, in
which it was held that an unsigned complaint could not be
amended, and should be stricken from the files.   It is urged that
the act in force at the date of that decision is similar to the gen-
eral practice act in regard to signing complaints (Kirby's Di-
gest, § 6120), which provides that "every pleading must be sub-
scribed by the party or his attorney," and to section 3634 ap-
plicable to actions of unlawful detainer; and that the decision
should govern.   This decision was rendered many years before
the adoption of our Civil Code.

In the case of *Burke* v. *Snell,* 42 Ark. 57, the court said: "The primary object of the Code is the trial of causes upon their merits, and that the rights of suitors shall not be sacrificed to technical mistakes, omissions or inaccuracies." This salutary. rule of construction of the provisions of the Code has been steadily adhered to, and has become the settled practice in this State.

Section 6145 of Kirby's Digest provides: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The omission of the plaintiff or her attorney to sign the complaint, and the omission of Hiner in the affidavit attached thereto to state that he was plaintiff's attorney, were mere formal defects or clerical mistakes which could not affect the rights of the parties in a trial on the merits of the case; and the motion to correct the same, having been seasonably made, should have been allowed by the court as a correction of mistake, under section 6145 of Kirby's Digest, and thus have cured the defect.

To illustrate, our Civil Code provides that a complaint must contain the style of the court, but the court has held that the omission to do so is a mere formal error. *McLeran* v *Morgan,* 27 Ark. 148.

Therefore, the judgment will be reversed, and the cause remanded with directions to allow the plaintiff to amend her complaint in the respects asked for.