SIMPSON & WEBB FURNITURE COMPANY v. MOORE.

Opinion delivered March 28, 1910.

1.  PLEADING—AMENDMENT.—The omission to sign a pleading is a formal defect or clerical mistake which the court should allow to be corrected on motion. (Page 349.)

2. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—The objection that a pleading was not signed by the party or by his attorney cannot be raised on appeal for the first time. (Page 349.)

3. PLEADING—SEPARATE ANSWER INURING TO ALL DEFENDANTS.—A separate answer of one defendant will be held to inure to the benefit of all the defendants when it states a defense common to all of them. (Page 349.)

4. SAME—VERIFICATION OF ANSWER.—Where the complaint in a case was verified but the answer was not, in the absence of a motion to require the answer to be verified, judgment upon the complaint will not be rendered as by default. (Page 350.)

5. JUDGMENT—FRAUD IN PROCUREMENT—DEFENSE.—Before a court of equity will relieve against a judgment alleged to have been procured by fraud, the plaintiff must aver and prove that he has a defense to the action on its merits. (Page 350.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*W. F. Coleman,* for appellant.

The complaint, though verified, was not evidence. The statute requires evidence in such cases. Kirby's Dig., § 6120. By defendant's answer, the basis of appellee's cause of action was put in issue, and their defense inured to the benefit of all. 71 Ark. 1. As appellant was the real party in interest, it had the right to defend for all. Kirby's Dig., § 5999. Appellee's allegation that he did not owe the debt sued on did not entitle him to the relief sought, was only a conclusion of law, and was demurrable. 35 Ark. 104; 32 Ark. 97; 43 Ark. 296; 60 Ark. 606; 72 Ark. 478. The court should disregard such allegations, even though they are not denied. 64 Ark. 39.

HART, J. This is an action instituted in the Jefferson Chancery Court by C. F. Moore and Mrs. C. F. Moore against Simpson & Webb Furniture Company, J. F. Stewart and L. E. Cheek. The complaint, in substance, alleges the following:

That the Simpson & Webb Furniture Company, a corporation organized and doing business under the laws of the State of Arkansas, brought suit before L. E. Cheek, a justice of the peace for Vaugine Township in Jefferson County, Arkansas, against C. F. Moore and Mrs. C. F. Moore for an alleged indebtedness of $98. That prior to the day of trial an agent of said corporation represented to them that the suit would be continued indefinitely, and that they need not attend on the day of trial.

That they relied upon these statements and failed to attend the trial on the return day of the writ, and that, in disregard of its agreement, said corporation obtained judgment against them by default. That they had no knowledge of that fact until the time for taking an appeal had expired. That said corporation procured an execution to be issued and placed in the hands of J. F. Stewart, the constable of said Vaugine Township, to be levied upon their goods to satisfy said judgment. They further allege "that they do not owe defendant the indebtedness sued on or any part thereof and never contracted the same or any part·thereof."

The defendant, Simpson & Webb· Furniture Company, answered, denying the allegations of the complaint. The defendants, Stewart and Cheek, failed to answer, but made default.

No testimony was taken in the case, but the complaint was sworn to. The decree recites that when the cause was reached on the calendar the plaintiffs "come by their attorneys," and the defendant Simpson & Webb Furniture Company "come by their attorneys," and that the defendants Stewart and Cheek "come not but make default;" and the judgment against plaintiffs in said justice's court was set aside, and the defendants were permanently enjoined from enforcing the same in accordance with the prayer of the complaint herein.

The defendants have appealed to this court.

The plaintiffs have not favored us with a brief. The record shows that the· answer of the Simpson & Webb Furniture Company was not signed by it or by its solicitors, but the answer was responsive to the issues made by the complaint, and seems to have been treated by the parties and by the court as the answer of the said defendant corporation. We have held in the case of Fannie Coleman against Leo Bercher, this day decided, that the omission to sign a pleading is a formal defect or clerical mistake, which the court should allow to be corrected on motion. Where no objection is made in the court below on account of such defect, it can not be successfully urged here. *McLeran* v. *Morgan,* 27 Ark. 148.

The answer of the defendant corporation was responsive to the allegations of the complaint, and its answer inured to the benefit of all the defendants, for the reason that it stated a defense common to all of them. *Carpenter* v. *Ingram,* 77 Ark. 299 and cases cited; *Gunnells* v. *Latta,* 86 Ark. 304.

.The answer of the defendant corporation was not verified, but no motion was made to require it to do so. The issues tendered by it were, therefore, before the court for judicial determination, and a decree could not be rendered upon the complaint alone, without evidence to support it, although it was duly verified. *Jackson* v. *Reeve,* 44 Ark. 496. See also *Conger* v. *Cotton,* 37 Ark. 286; *Quertermous* v. *Taylor,* 62 Ark. 598.

From the case of *State* v. *Hill,* 50 Ark. 458, to that of *Broadway* v. *Sidway,* 84 Ark. 527, the court has uniformly held that the better established rule unquestionably is that, before a court of equity will relieve against a judgment alleged to have been procured by fraud, the plaintiff must aver and prove that he has a defense to the action on its merits.

In the present case, the allegations of the complaint having been denied by the answer and no evidence having been taken to support the allegations thereof, the complaint must be said to be without evidence to support it, and the decree is erroneous.

The decree will therefore be reversed, and the cause dismissed.