STEWART *v.* CALIFORNIA GRAPE JUICE CORPORATION.

Opinion delivered July 14, 1930.

*Curtis E. Garner,* for appellant.

*Isaac Riff* and *Sam M. Wassell,* for appellee.

SMITH, J. This is an appeal from an order of the Pulaski Circuit Court setting aside a judgment which appellant has recovered against appellees, the order being made some months after the expiration of the term at which the judgment was rendered. It was alleged in the complaint upon which the order was made that the judgment had been rendered without service of process, and that a valid defense existed against the cause of action sued upon.

It was answered, on the other hand, that the cause of action sued on was meritorious, and no valid defense existed, and that before the rendition of the judgment appellee (the judgment defendant) had actual knowledge of the pendency of the suit and had in fact been served with process.

The original complaints alleged that appellee was a foreign corporation, doing business in this State, and that service had been properly had by delivering a copy of the summons to the Auditor of State, and that the summons so served had been sent and delivered by registered mail at appellee's home office by the Auditor of State. It was also insisted that service of summons was had on Ed Skinner as agent for service of appellee, Skinner being the agent with whom the contract was negotiated upon which the cause of action was based.

In this respect the instant case is unlike that of the *Order of Railway Conductors of America* v. *Bandy,* 177 Ark. 694. In that case there was an entire absence of service, and it was apparent, from the face of the record,

that no service could be acquired. It affirmatively appeared in that case that the defendant insurance order had not domesticated itself, and there was no attempt to acquire jurisdiction by seizing any of its property in this State. We therefore held that, as no jurisdiction had been acquired, or could be, a writ of prohibition should be awarded, and the writ was granted.

Here it was alleged that the foreign corporation had been doing business of an intrastate character in this State, and that its agent who negotiated the contract out of which the litigation arose had been served as such. *Fort Smith Lumber Co. v. Shackleford,* 115 Ark. 272.

A *prima facie* case was therefore made that service had been secured on the corporation before the rendition of the judgment. It is not to be assumed that the trial court rendered judgment upon the mere showing that the defendant was apprised of the nature and pendency of the suit, and no such allegation is made. That should not have been done, and there is nothing in the record to indicate that it was done.

On the contrary, service had been apparently had on the person designated for that purpose. There was an allegation that the defendant corporation was doing business in the State, and, if this was true, and the corporation had not, in fact, designated an agent upon whom service of process might be had, then service could have been had upon the Auditor of State under § 1 of the Acts of 1927, page 707, and the return of the sheriff shows that such service was had. The statute referred to makes it the duty of the Auditor of State, "immediately upon receiving any such summons, or other process, to transmit the same to the foreign corporation so sued, by registered mail, at its home office, or other place where service of process upon such foreign corporation may be had." At the trial from which this appeal comes the showing was made that the copy of the summons served upon the Auditor of State was sent by registered letter to the above corporation at its office in St. Louis, and there

delivered, and the usual registry receipt returned. The defendant corporation therefore not only had actual knowledge of the pendency of the suit, but knew the *prima facie* showing, which could and probably would be made, and which was later made, that summons had been served in the manner provided by law, to-wit, upon the Auditor of State under the allegation that the corporation had been doing business in this State.

We do not pass upon the sufficiency of the testimony to sustain the service in either manner stated, for the reason that appellee admits that it was advised of the pendency of the action and knew that a *prima facie* showing of service would be made, but, thinking the service insufficient, ignored it, and it is not contended that the information was not obtained in ample time for appellee to have made defense, had it been thought necessary to do so.

Appellee's president denied the receipt of the registered letter from the Auditor of State, but admitted the receipt of a letter from the attorney for appellant, enclosing a copy of the summons, before the rendition of the judgment. However, the testimony clearly establishes the receipt of the registered letter.

In the case of *State* v. *Hill,* 50 Ark. 458, 8 S. W. 401, COCKRILL, C. J., said: "One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceeding in time to make defense, in order to get relief in equity," and upon the authority of this case it has since been consistently held by this court that, if one knows he has been sued upon a cause of action in ample time to interpose his defense, yet fails and refuses so to do, he will not be permitted to reopen the case to interpose a defense which he could and should have made before the judgment was rendered. The reason for the rule is that if one wishes to invoke the jurisdiction of the court at all, he should do so seasonably, and not wait until the court had pronounced a judgment which would not have

been rendered had the showing been made that no service had in fact been obtained. *Woods* v. *Quarles,* 178 Ark. 1158, 13 S. W. (2d) 617; *Karnes* v. *Ramey,* 172 Ark. 125, 287 S. W. 743; *First Nat. Bank of Manchester* v. *Turner,* 169 Ark. 393, 275 S. W. 703; *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575; *Fore* v. *Chenault,* 168 Ark. 747; *C. A. Blanton Co.* v. *First Nat. Bank,* 175 Ark. 1107; *Lambie* v. *W. T. Rawleigh Co.,* 178 Ark. 1030; *Moore* v. *Price,* 101 Ark. 142.

The case of *Hunton* v. *Euper,* 63 Ark. 323, 38 S. W. 517, was a proceeding under subdivision 7 of § 4197, Sandels & Hill's Digest (now § 6290, Crawford & Moses' Digest) which provides that a judgment may be vacated by the court in which it was rendered after the expiration of the term at which it was rendered. "Seventh: For unavoidable casualty or misfortune preventing the party from appearing or defending," and it was there held that the rendition of a judgment without service of process was an unavoidable casualty or misfortune within the meaning of this statute, and the judgment was vacated for want of service, but it was not shown in that case that the judgment defendant had actual knowledge of the suit.

Here it is shown that the judgment defendant was apprised of the pendency of this suit in ample time to have made the defense which it now seeks to interpose, but it did not do so, and, having suffered judgment to go by default, it will not now be permitted to make the defense which could and should have been made before the judgment was rendered.

The judgment of the circuit court setting aside the default judgment will be reversed, and the cause will be remanded with directions to vacate the judgment here appealed from, thus leaving the default judgment in full force and effect.

KIRBY, J., dissents.