UNITED ORDER OF GOOD SAMARITANS *v.* ROEBUCK.

Opinion delivered November 17, 1930.

*George F. Hartje,* for appellant.

*R. W. Robins,* for appellee.

BUTLER, J. At the November, 1929, term of the Faulkner Circuit Court in a case pending there in which appellees were plaintiffs and appellant was the defendant, a judgment was entered against the appellant by default. This appeal is from an order made at the May, 1930, term refusing to · set aside the judgment theretofore rendered.

It is the contention of the appellant that the judgment of the lower court was void and should have been set aside because it was not served with summons in the manner prescribed by law. The appellant is a fraternal insurance society, and the service of process in suits against it is prescribed by § 6092 of the Digest. This section requires that the service of process shall be had by transmitting the summons to the Insurance Commissioner, who, in turn, shall transmit the same to the secretary of the insurance society. It is admitted that the summons in this case was not served in that manner, but it is contended by the appellees that the summons was delivered directly to the secretary by the deputy sheriff, and that therefore the insurance society had actual notice of the pendency of the suit.

Appellant on its part contended in the court below that its secretary had no knowledge of the pendency of the suit nor did any other responsible agent of it have such knowledge. This issue of fact was determined by the trial court on conflicting testimony in favor of appellees. We have examined the testimony adduced, and are of the opinion that the decision of the court below on this question of fact was not against the preponderance of the testimony. Therefore, the question we have to decide is, did actual knowledge on the part of the appellant of the pendency of the suit preclude it from having the judgment set aside after the lapse of the term at which it was rendered?

In the case of *State* v. *Hill*, 50 Ark. 458, 8 S. W. 401, Mr. Chief Justice Cockrill, speaking for the court, said: "One who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceeding in time to make defense, in order to get relief in equity." Since that decision it has been held consistently by this court that if one has knowledge that he has been sued in ample time to interpose a defense, he will not be permitted to reopen the case and set aside a judgment rendered by default.

The reason for the rule was stated in the late case of *Stewart* v. *California Grape Juice Corporation,* 181 Ark. 1140, 29 S. W. (2d) 1077: "The reason for the rule is that if one wishes to invoke the jurisdiction of the court at all, he should do so seasonably, and not wait until the court had pronounced a judgment which would not have been rendered had the showing been made that no service had in fact been obtained."

Our decisions on this question are numerous and uniform, a number of which are cited in *Stewart* v. *California Grape Juice Corporation, supra.*

It follows that the judgment of the lower court must be affirmed, and it is so ordered.