Virginia CROCKETT *v.* Ralph JOHNSON et al

75-199                                    530 S.W. 2d 671

Opinion delivered December 22, 1975

*Blankenship & Jarboe,* for appellant.

*H. David Blair,* for appellees.

GEORGE ROSE SMITH, Justice. The issue here is the validity of a default judgment entered by the circuit court of Lawrence county against a resident of Sharp county, over whom the court acquired no personal jurisdiction. The trial court was right in setting aside the default judgment, on the ground that it was void.

The appellant brought suit in Lawrence county upon a $10,000 promissory note executed by the appellee Ralph Johnson, a long-time resident of Sharp county. The summons was served by the sheriff of Sharp county, in that county. No answer having been filed within the time allowed, the court entered a default judgment against Johnson. Later on, after a writ of execution had been sent to Sharp county without results, the plaintiff sought judgment against the Sharp county sheriff and his bondsman. Johnson and the sheriff then attacked the original judgment, which the trial court set aside.

For reversal the appellant relies upon a line of cases, beginning with *State* v. *Hill*, 50 Ark. 458, 8 S.W. 401 (1887), holding that one who attacks a judgment rendered in his absence must show not only that he was not properly summoned but also that he did not know about the proceeding in time to make his defense. Upon that theory it is argued that Johnson is bound by the judgment, because the service of summons in Sharp county gave him notice that he was being sued.

That line of authority is distinguishable; for in those cases the court *could* acquire personal jurisdiction over the defendant, there merely being some defect in the service of process. Here personal jurisdiction was lacking. Under our statutes an action upon a transitory cause of action cannot be maintained in one county upon service had in another county. *Chambers* v. *Gray*, 203 Ark. 858, 158 S.W. 2d 926 (1942). A default judgment in such a situation is necessarily void, for otherwise every court in the state would have statewide jurisdiction to compel residents of other counties either to defend a suit such as this one in the first place or to show a meritorious defense in order to attack the default judgment. That showing is unnecessary when the judgment is void. *Davis* v. *Schimmel*, 252 Ark. 1201, 482 S.W. 2d 785 (1972). The trial court was right in setting aside the void default judgment.

Affirmed.