Rotan v. Springer.

care, of its existence.    *Ry. v. Fairbain, 48 Ark.; 30 A. & E. Ry. Cases, 166 ; ib., 163 ; 86 Pa. St., 74.*

*L. Gregg*, for appellee.

The negligence of the agent was the negligence of the company.    It was the duty of the company to keep its platform in safe condition.    *46 Ark., 195 ; 13 A. & E. R. R. Cases, 28 ; 49 Ark., 277.*   The agent's admission was of the *res gestæ,* the very pith of the derilection.   A corporation can act only by agents, and can be negligent in no other way than through its agents.

---

## ROTAN v. SPRINGER.

JUDGMENT :   *Without notice : Complaint to enjoin.*

A bill to enjoin a judgment on the ground that it was rendered without notice, states no cause of action where it fails to allege the existence of a defense to the claim on which such judgment was based.   (*State v. Hill, 50 Ark , 458.*)

APPEAL from *Chicot* Circuit Court in Chancery.

C. D. WOOD, Judge.

This is a suit in equity, brought by the heirs-at-law of W. A. Rotan, deceased, against his administratrix and others, to enjoin a judgment at law obtained against the administratrix by the defendant, Springer, in the Chicot Circuit Court.   A copy of the judgment is exhibited with the complaint, and it appears therefrom that it was rendered by default on the 15th

day of January, 1879, for a debt amounting to $293.57-100. The complaint alleges that it was recovered in an action com-menced against Rotan and that he died while it was pending; that the record recites that the cause was revived in the name of the defendant Hamlett, as administratrix of Rotan's estate; but that in fact she had not at the date of such recital quali-fied as the personal representative of the deceased, and that no order was then, or afterwards, made and served upon her to show cause against the revivor of said action; that she did not consent to such revivor and was not served with notice of any application therefor; that she did not appear in said action; that judgment therein was rendered against her with-out notice and that she had no knowledge thereof until the year 1887; that Springer assigned said judgment to the de-fendant Ford, and the latter is proceeding to enforce its execu-tion in the Probate Court. There is no allegation that any defense existed to the claim on which the judgment is based. The complaint was dismissed on demurrer and the plaintiffs appealed.

*William B. Street,* for appellants.

The judgment having been rendered against an adminis-trator, without revivor, as required by the code, without notice actual or constructive, without consent and without appearance by defendant, was void. *Mansf. Dig., sec. 520; 43 Ark., 506; 97 U. S., 171; 4 Pet., 466; 11 How., 437; Mansf. Dig., secs. 5239, 5240, 5245; Maxwell Pl. and Pr., p. 692; Bates, Pl. p. 219, sec. 5151; 39 Ark., 104; 4 S. W. Rep., 914; 25 Ark., 60; Freeman, Judg., sec 125; 11 Ark., 131; 3 Otto, 274.*

*D. H. Reynolds,* for appellee.

PER CURIAM: The plaintiff offered no suggestion of a defense to the claim upon which the judgment which he sought to enjoin was based. His complaint, therefore, stated no cause of action (*State v. Hill, 50 Ark., 458*), and the court did not err in sustaining the demurrer. Affirm.