ROBINSON v. ARKANSAS LOAN & TRUST COMPANY.

Opinion delivered February 18, 1905.

1. EQUITY—RELIEF AGAINST JUDGMENT—PRACTICE.—A court of equity will not set aside a judgment or decree until it has found and adjudged that there is a valid defense to the suit or action in which the decree or judgment was rendered; and if it finds a partial defense, it will modify the decree or judgment pro tanto. (Page 297.)

2. RECEIVER—LIABILITY FOR WRONGDOING.—A receiver is not the agent of either party, but is an officer of the court, and he and the sureties on his bond are alone responsible for his wrongdoing. (Page 297.)

3. MORTGAGE—RENTS AND PROFITS—PRIORITY.—Where, at the instance of one who held a mortgage of land, but not of the rents and profits thereof, a receiver was appointed to take possession of the land and collect the rents and profits, it was not error subsequently to order the rents and profits for certain years to be paid to an intervener who held a mortgage thereon. (Page 298.)

Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

*Thomas C. Trimble* and *Joseph T. Robinson,* for appellant.

The exceptions to the master's report should have been sustained. High, Recrs. § § 668, 669.

*Morris M. Cohn,* for appellees.

Appellees are not responsible for the errors of the receiver. 44 Ark. 322; 56 Me. 458; 42 N. J. Eq. 107. Robinson was not entitled to file his bill of review. 60 Ark. 453; 32 Ark. 753;

2 Dan. Ch. Pr. 1582; 50 Ark. 458; 52 Ark. 80; 54 Ark. 539; 40 Ark. 338; 49 Ark. 397.

*George Sibly,* for A. F. CarlLee, appellee.

*Rose, Hemingway & Rose,* for appellant in reply.

The court erred in failing to charge appellee with the amount paid to CarlLee. 31 Ark. 203; 39 Ark. 576; 42 Kan. 507; 107 N. C. 468; 40 Minn. 193; 28 S. C. 233; 18 Kan. 220; 14 Ia. 377; 91 Ia. 544; 64 Mich. 412; 11 La. 391; 87 Wis. 526; 78 Ia. 664; 55 Tex. 433; 56 Wis. 190; 2 Brandt, Suretyship & Guar. § 426.

BATTLE, J. On the 3d day of February, 1890, H. F. Robinson borrowed $1,500 from the Arkansas Loan & Trust Company, for which he executed his promissory note payable to the lender, as agent, five years after date, and bearing ten per centum per annum interest from maturity until paid, and at the same time executed to the same party eight notes for interest on the principal. To secure this indebtedness, he executed to Lucien W. Coy, as treasurer of the Arkansas Loan & Trust Company, a deed of trust, and thereby mortgaged for that purpose certain lands described therein. On the 28th day of October, 1893, one or two of the interest notes being due and unpaid, the Arkansas Loan & Trust Company brought an action against Robinson to foreclose the deed of trust; it having been stipulated therein that the whole of the indebtedness, at the option of the beneficiary, shall become due and payable upon default in the payment of any one of the notes upon maturity; and W. N. Morris was appointed receiver to take charge of the lands for the purpose of collecting the rents and profits arising therefrom, and applying the same to the payment of the indebtedness. The suit was brought, and the receiver was appointed at the instance and request of the defendant and for his protection; he paying the attorney who prepared the complaint in the suit and procured the appointment of the receiver for such services. He surrendered the possession of the lands to the receiver; and delivered to him the cotton, corn and hay raised thereon during the year 1893. The receiver continued to collect the rents for each year thereafter until the lands were sold under the decree of the court. The suit was continued from term to term until the 15th day of November, 1897, when a personal judgment and decree of foreclosure by default were rendered against the defendant for

the sum of $1,620 with ten per cent. per annum interest from date of decree. The lands were sold pursuant to the terms of the decree.

During the pendency of the suit of the Arkansas Loan & Trust Company against Robinson, A. F. CarlLee filed a petition or complaint, and represented that Robinson was indebted to her for a balance of $268.25 due on a judgment recovered by her against him and for costs; that Robinson mortgaged to her certain crops to secure the indebtedness evidenced by said judgment; that the receiver, Morris, had taken the same into his possession, and received therefor $612.51; and that out of this sum she was entitled to receive the balance due her and costs. The court found these allegations to be true, and ordered receiver Morris to pay the sum to her, which he did.

On the 15th day of June, 1899, Robinson instituted a suit against the Arkansas Loan & Trust Company and others to set aside the decree recovered by it against him and the order to the receiver to pay money to Mrs. A. F. CarlLee, for the following reasons:

(1.)  Because the Arkansas Loan & Trust Company agreed with him that a receiver should be appointed to take charge of the lands and collect the rents and apply the same to the payment of his indebtedness to it, and that no decree should be rendered in its suit against him without first giving notice to him of its intention to ask for the same; and that it had taken the decree against him without notice.

(2.)  Because under the agreement first mentioned the receiver did collect and pay over to Coy for the Arkansas Loan & Trust Company large sums of money which were not accounted for before taking the decree.

(3.)  "No account having been made of these funds so received," the decree "was rendered for a sum largely in excess of any amount that could have been due from the defendant Robinson."

He alleged in his complaint that he, at the request and instance of Coy, sold to W. P. West a certain part of the land in

controversy for $1,500, payable in three annual installments of $500 each, with ten per cent. per annum interest thereon from date until paid; that West paid to Coy $450 in payment of the interest; that he conveyed the land so sold to West, who was ready and willing to pay the note for $500 first falling due if the decree foreclosing the deed of trust had not been rendered, and that by reason of the sale to West the lands in controversy were sold under the decree for an inadequate price.   He failed to show or allege in his complaint any reason why the money paid Mrs. CarlLee by the receiver under the order of the court should not have been paid to her; no reason why she was not entitled to it.   The following is the prayer of his complaint: "That the original decree rendered in this cause be set aside and held for naught; that the sale made by said commissioner under said decree be set aside.   That said Coy, agent, etc., be required to answer and account for all moneys collected and received by him from the said Morris, as receiver, or otherwise, on account of the said appellant Robinson, and all moneys received by said Morris, as receiver, which ought to have been paid over, and by due diligence on the part of said appellee would have been paid over to him.   That all of the said several amounts be credited on the said indebtedness of the said appellant Robinson, as of the date the said respective amounts were collected or should have been collected.   That the said West be required to account for all moneys he has paid over to the said appellees on account of the purchase money for the land, and that said deed of trust executed by the said appellant to the said appellees be cancelled as to the 40 acres of land purchased by West; that said title be quieted as to any right, title or interest the appellant or his privies may have in and to said land by reason of said trust deed.   That the said Coy be made also to account for said $1,500, purchase money of said land sold to West.   That the order or decree heretofore made upon the interplea of A. F. CarlLee be set aside and held for naught, and that the said A. F. CarlLee be directed to account for and pay over all moneys received on said order, and for other and further and general relief."

A master was appointed by the court to state the account of the receiver.   He did so, and found in his hands, unaccounted for, the sum of $241.06.   Exceptions to the same were filed by Robinson and the receiver, and were overruled.

The court by decree directed how this sum should be appropriated, and set aside the sale of lands made under its decree; and then decreed as follows:

"That the said Arkansas Loan & Trust Company, as agent, shall credit its decree obtained herein November 15, 1897, with the sum of $150 received by it on December 19, 1898, as of that day, and shall also credit upon said decree the sum received by it under this decree, and, after it shall have done so, if the sum remaining due to it is not paid on or before February 1, 1900, it may then proceed to sell the property mentioned in the said decree of November 15, 1897, for the satisfaction of the sum remaining due to it, and the cost, free from the claims, rights and equities of the parties therein set forth, and their privies in estate, and all parties claiming by, through, or under them since the filing of the original complaint of the said Arkansas Loan & Trust Company, as agent, in the manner set forth in said decree of November 15, 1897; and the said J. C. Goodrum, Jr., is appointed commissioner to make said sale, and to report his said sale for confirmation to the court, as directed in said decree.

"And it appearing to the court that, since the institution of the suit of the said Arkansas Loan & Trust Company, as agent, the said H. F. Robinson attempted to make conveyance on or about November 15, 1895, to one W. P. West of the southwest quarter of the southeast quarter of section 3, township 2 south, range 9 west, which is part of the property mentioned in the decree of said November 15, 1897, and for the purchase money the said West executed notes, which were afterwards substituted for other notes, and it appearing that said sale has been abandoned, and the substituted notes being brought into court for proper orders relating to the cancellation of said conveyance, and said W. P. West having been duly served with process herein, it is ordered and decreed that the said conveyance be, and the same is hereby, cancelled and held for naught, and that the said notes of the said W. P. West be, and the same are hereby, cancelled and held for naught, and that the said notes of the said W. P. West be and the same are hereby ordered to be returned to the said West by the clerk of this court, with the statement indorsed thereon by the clerk that the said notes have been cancelled.

"And, it further appearing that there is due by said W. P.

West to the receiver the sum of $75 for rent of 1899 upon the property occupied by him as tenant of said receiver, the said indebtedness is hereby assigned to the said H. F. Robinson, his administrators and assigns, with full power to collect and receipt for the same, without right or power to use the name of the receiver or to entail any cost or damage against the receiver.

"And it is further ordered and decreed that, as to A. F. Carl-Lee, who was heretofore mentioned in said cause of Arkansas Loan & Trust Company as agent, and who is named in said bill of review as a defendant, the said bill of review be dismissed. And the motion of the said H. F. Robinson to set aside the order of the court heretofore ordered in favor of said intervener is hereby overruled."

Robinson appealed.

A court of equity will not set aside a judgment or decree until it has found and adjudged that there is a valid defense to the suit or action in which the decree or judgment was rendered; and if it finds a partial defense, it will modify the decree or judgment *pro tanto. State* v. *Hill,* 50 Ark. 458; *Rotan* v. *Springer,* 52 Ark. 80; *Chambliss* v. *Reppy,* 54 Ark. 539.

There is no evidence that the Arkansas Loan & Trust Company has received anything on Robinson's indebtedness to it, in addition to the amount for which appellant has already received credit. But he seeks credit for the money, property and effects paid and delivered to the receiver in its suit, and from which it has derived no benefit. Is he entitled to it? Morris was legally appointed receiver. The Arkansas Loan & Trust Company was not liable for his acts or omissions, and cannot be made so by a charge in his account with Robinson. He (receiver) was not the agent of either party, but an officer of the court, and subject to its control. He and the sureties on his bond are alone responsible for his wrongdoing. *Memphis & L. R. Railway Company* v. *Stringfellow,* 44 Ark. 322, 324; *Morrill* v. *Noyes,* 56 Me. 458; *Davis* v. *Duncan,* 19 Fed. 477, 480, 481; *First National Bank* v. *Kimball,* 42 N. J. Eq. 107; High on Receivers (3d Ed.), § § 175, 269, 270; 23 Am. & Eng. Enc. Law (2d Ed.), 1096. One of the conditions of his bond is "that he will faithfully account for and pay into court at such times as the law may prescribe, or according to the order of the court, all moneys or assets which

shall come to his hands as such receiver in this case." That is the only protection provided for parties against the failure to account for assets in his hands. No effort, so far as the evidence in this case shows, has been made to enforce the performance of the conditions of his bond.

As to W. P. West, the evidence sustains the findings of the court. His notes for the purchase money of lands sold to him were held only as collateral security. He was unable to pay them, and so confessed. He failed to pay the notes for $500 for three years in succession before the land was sold under the first decree of foreclosure, and by consent the sale was rescinded, and he rented the land, became liable as tenant, and paid rent, and in this manner all the money received from him was paid. There was no error in the decree as to him.

No effort was made to show that Mrs. CarlLee had no lien on the crops of Robinson for the years 1893 and 1894. The Arkansas Loan & Trust Company had none by virtue of its deed of trust. The chancery court found that she had, and so adjudged in a trial in a suit brought by her against Robinson to foreclose a mortgage executed to her by him. This is not denied in the pleadings or disproved. Having the lien, she was entitled to the money paid her by the receiver under the order of the court.

Decree affirmed.