## OSBORNE *v.* LAWRENCE.

### Opinion delivered April 24, 1916.

1. JUDGMENTS—MOTION TO VACATE—RULE.—To vacate a motion on final order after the expiration of the term at which such judgment or order was made, it is essential, not only that the petitioner therefor show the existence of same on the grounds named in Kirby's Digest, section 4431, upon which such action may be taken, but it is also necessary, under Kirby's Digest, section 4434, that a showing be made that there is a valid defense to the action in which the judgment is rendered.

2. JUDGMENTS—WHEN VACATED—MERE FILING OF ANSWER.—The mere filing of an answer is insufficient under the above rule; while a *prima facie* showing merely of a valid defense is required, it is not necessary that the cause be heard fully on its merits; but such a showing should be made as that, in the absence of proof to the contrary, a finding would be made that a valid defense existed to the cause of action sought to be set aside.

Appeal from Sebastian Circuit Court, Greenwood District; *Jo Johnson*, Special Judge; reversed.

*Geo W. Johnson*, for appellant.

1. It was error to set aside a judgment rendered at a former term without a showing or an adjudication that a valid defense existed to the action. 102 Ark. 252; 94 *Id.* 347; 104 *Id.* 449.

2. The answer tendered states no defense to the action. 92 Ark. 535; 105 *Id.* 309; 84 *Id.* 462; 89 *Id.* 412; 91 *Id.* 212.

SMITH, J. A judgment was rendered against appellee, and he filed a motion at a subsequent term of the court to set it aside, and upon the hearing of this motion in the court below it was conceded that a sufficient showing was made to entitle appellee to the relief prayed under sections 4431 and 4434 of Kirby's Digest except that there was a failure to show the existence of a meritorious defense to the cause of action set out in the original complaint. This complaint alleged that the plaintiff was a real estate dealer, and that the defendant there, who is the appellee here, was the owner of certain real estate, which he listed with him for sale at fixed terms and price, and in a written contract agreed that plaintiff should

have the exclusive right, for the period of one year, to sell said property for the sum of $2,500, with a commission of 5 per cent., and that the plaintiff immediately advertised said property for sale and began negotiating with prospective buyers, but was prevented from making a sale by the defendant's sale of the property, in violation of the contract, and that the plaintiff had been damaged in the sum of $125.

At the hearing below appellee exhibited with his petition a copy of the answer which he had filed in the original suit against him. This answer was unsigned and unverified.

The court vacated the judgment, and this appeal has been duly prosecuted from that action, which appellant insists was erroneous because of the failure to show any meritorious defense to the original suit.

To vacate a judgment or final order after the expiration of the term at which such judgment or order was made, it is essential, not only that the petitioner therefor show the existence of some one of the eight grounds named in section 4431 of Kirby's Digest, upon which such action may be taken, but it is also necessary, under section 4434, that a showing be made that there is a valid defense to the action in which the judgment is rendered. These sections have been frequently construed, one of the latest cases being that of *Quigley* v. *Hammond,* 104 Ark. 449. In this case it was said:

"To vacate a judgment for fraud practiced by the successful party in obtaining it, the party seeking such relief must make at least a *prima facie* showing of a valid defense to the action in which the judgment was obtained. Kirby's Digest, section 4434; *Simpson & Webb Furn. Co.* v. *Moore,* 94 Ark. 347; *Martin* v. *Gwynn,* 90 Ark. 44; *Broadway* v. *Sidway,* 84 Ark. 527; *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17; *State* v. *Hill,* 50 Ark. 458."

See, also, *Holman* v. *Lowrance,* 102 Ark. 252, and cases there cited, and *Citizens Bank of Lavaca* v. *Barr,* 123 Ark. 443.

The only attempt made by the petitioner to show the existence of a valid defense was to introduce the answer above mentioned; and we think this showing insufficient to meet the requirements of the statute. It is true that only a *prima facie* showing of a valid defense is required and it is not contemplated that the cause shall be fully heard upon its merits; but such showing should be made as that, in the absence of proof to the contrary, a finding would be made that a valid defense existed to the cause of action sought to be set aside. We think the mere filing of an answer insufficient to meet this requirement.

No valid defense, therefore, having been shown, it follows that the court should not have set the judgment aside, and the judgment to that effect will be reversed and the cause remanded.