SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* WILSON.

Opinion delivered November 18, 1918.

1. INSURANCE — MUTUAL BENEFIT SOCIETY—SERVICE OF PROCESS.— Though a fraternal society did not comply with Acts 1917, p. 2087, § 17, within the thirty days prescribed, by designating the commissioner of insurance as its agent for service of process, where it did so thereafter, subsequent service on the clerk of a local lodge, in compliance with the superseded statute (Kirby's Dig., § 4378) was not proper.

2. JUDGMENT — NOTICE — PRESUMPTION. — Notwithstanding Kirby's Dig., § 4424, provides that judgments rendered without notice shall be void, a presumption of regularity attends a judgment of a superior court of general jurisdiction, which can be controverted only by showing there was no notice, and that a meritorious defense existed which could have been asserted.

3. JUDGMENT—SETTING ASIDE—BURDEN OF PROOF.—The burden was on defendant to prove its defense, at least to introduce testimony making out a *prima facie* defense, before it could ask the setting aside of the original judgment against it on the ground that there was no proper service of process.

4. INSURANCE—FORFEITURE—EXTRAHAZARDOUS OCCUPATION.—Where a member of a benefit society was engaged in an extrahazardous occupation, and never changed, but the society voluntarily reduced his assessment as if he had, and it was paid for years, the society after his death can not insist on a forfeiture for his failure to pay assessments based upon the extrahazardous occupation.

Appeal from Craighead Circuit Court, Jonesboro District; *J. T. Coston,* Special Judge; affirmed.

*De E. Bradshaw* and *Rhoton & Helm,* for appellant.

1. The service attempted to be had was void and of no effect. The judgment was absolutely void. Acts 1917, Act 462, § 17; Kirby's Digest, § 4424; 39 Ark. 347; 68 *Id.* 566; 63 *Id.* 323; 89 *Id.* 164; 127 *Id.* 306.

2. Defendant had no knowledge of the suit and no chance to make defense until after judgment by default. But defendant had a meritorious defense. The deceased had forfeited his policy by violating the terms of the policy and by-laws. There was no waiver. 80 Ark. 419; 104 *Id.* 538; 111 *Id.* 443; 125 *Id.* 115; *Pole* v. *M. W. A.,* 185 S. W. 786.

3. Deceased changed his occupation and failed to give notice or pay the additional premium. 167 S. W. 587; 188 *Id.* 941.

*Lamb & Frierson,* for appellee.

1. The service had was valid. Acts 1917, p. 2087; Kirby's Digest, § 4378. The old method of service continued in force until the new act went into effect and the new certificate filed.

2. Appellant has not shown a meritorious defense. The judgment recites due service of process and is valid. Kirby's Digest, § § 4424-6, 4431-3 *et seq.;* 69 Ark. 518; 63 *Id.* 523; 123 *Id.* 443; 129 *Id.* 131.

3. There was no forfeiture nor violation of the terms of the policy by the deceased. But there was

waiver and estoppel by the conduct of the Sovereign Camp. There was no change of occupation or increased risk. As to waiver and estoppel, see 177 U. S. 260; 111 Fed. 113; 50 L. R. A. 111; 104 Ark. 538; 125 *Id*. 115; 127 *Id*. 133; 111 *Id*. 435; 80 *Id*. 419; 129 Ark. 159; 99 S. W. 834; 137 *Id*. 812; Ann. Cas. 1914-C, 423, 437; 90 S. W. 921; 61 N. E. 915; 89 N. W. 641; 127 *Id*. 869; 156 N. E. 70; L. R. A. 1916-F, 751; 27 L. R. A. (N. S.) 446; 29 Cyc. 189, 194, 198.

McCulloch, C. J. Appellant is a fraternal society incorporated under the laws of another State, and Purd Tatham was a member of appellant's local organization or society at Jonesboro at the time of his death, being the holder of a benefit certificate in the sum of $2,000, payable to his wife and child.

Appellant refused payment on the ground that the policy had been forfeited, and an action was commenced by the beneficiaries against appellant in the circuit court of Craighead County on July 9, 1917, and summons was served on the clerk of the local organization at Jonesboro. Mr. Nichols, the clerk of the local organization, inadvertently failed to send in copy of the summons to the home office, or to notify that office of the pendency of the suit, and at the succeeding September term of the Craighead Circuit Court judgment by default was rendered against appellant. The officers of appellant's organization, or sovereign camp, as it is termed, did not discover that the action had been commenced and the judgment had been rendered until a day in January, 1918, and at once filed its complaint against appellees in the said court to set aside the default judgment on the ground that there had been no valid service of process summoning appellant to answer in the action. Appellant tendered with its complaint an answer to the original action, setting forth as a defense to the action the alleged forfeiture of the policy or benefit certificate. Appellees filed their answer to the complaint and the court heard the matter on the pleadings and the testimony introduced and rendered judgment refusing to set aside the former

judgment of the court, from which an appeal has been prosecuted to this court.

The statute in force at the time of the commencement of the original action of appellees against appellant prescribing the method of service of process on fraternal insurance societies is section 17 of the act of March 28, 1917, which had the emergency clause and went into immediate effect. Acts 1917, p. 2087. The section referred to reads as follows:

"Every society, whether domestic or foreign, now transacting business in this State shall, within thirty days after the passage of this act, and any such society hereafter applying for admission shall, before being licensed, appoint in writing the Commissioner of Insurance and his successors in office to be its true and lawful attorney on whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society and that the authority shall continue in force so long as any liability remains outstanding in this State. Copies of such appointment, certified by said insurance department, shall be deemed sufficient evidence thereof and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service shall only be made upon such attorney, must be made in duplicate upon the Commissioner of Insurance, or, in his absence upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said Commissioner of Insurance, he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served

upon any such society except in the manner provided herein.''

Appellant on May 25, 1917, filed with the Commissioner of Insurance of this State a written instrument appointing that officer and his successors to be the attorney of appellant on whom legal process might be served as specified in the statute quoted above. The statute in force prior to the enactment of the new statute just referred to provided that in actions against fraternal societies the service should be on ''the chief officer, or, in case of his absence, the secretary of the subordinate lodge or society through which the policy was issued or obtained, or on the chief officer, or in case of his absence on the secretary of any subordinate lodge in this State of such fraternal society.'' Kirby's Digest, § 4378.

The Act of 1917, *supra,* prescribes the exclusive method of service of process on fraternal societies, but it is contended on behalf of appellees that it had no application to their action against appellant for the reason that the latter did not comply with the statute within the period of thirty days prescribed therein, and that the old method of service of process continued to be the legal method of obtaining service on these societies until the next period under the statute for compliance which would have been in April, 1918. We do not agree with the argument of counsel for appellees that the old method of service continued in force after compliance with the terms of the new statute by appellant, notwithstanding such compliance was not within the thirty-day period specified in the statute. Appellant had no right to continue to do business in the State after the expiration of the thirty days from the passage of the statute, except upon compliance with its terms, and it was subject to penalty during the period of omission. But the terms of the statute were later complied with, and thereafter service on the Commissioner of Insurance was the only legal method of serving process.

Whether or not the continuance by appellant of its business in the State during the period of omission bound appellant by any service of process on the Commissioner of Insurance, notwithstanding its failure to file the required certificate of appointment, we need not now decide. At the time the action of appellees against appellant was commenced the certificate of appointment had been filed and service on the Commissioner of Insurance was the only way to get service on the society.

The contention of appellant is that the judgment was absolutely void because the service of process was not in accordance with the method prescribed by the statute. Our statute (Kirby's Digest, § 4424) provides that all judgments rendered without notice shall be absolutely void, but there is a presumption of regularity attending a judgment of superior courts of general jurisdiction (*Boyd* v. *Roane,* 49 Ark. 397) which can not be controverted except by showing that there was in fact no notice, and that there existed a meritorious defense to the action which could have been asserted if notice had been given. *State* v. *Hill,* 50 Ark. 458; *Quigley* v. *Hammond,* 104 Ark. 449.

This brings us to a consideration of the question whether or not appellant brought itself within the principle just announced by introducing proof sufficient to make out a *prima facie* case of a meritorious defense to the original action which might have been asserted if notice had been given. *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17; *Quigley* v. *Hammond, supra.* After careful consideration of the testimony, our conclusion is that appellant failed to show the defense that there was a forfeiture of the policy and that the court was correct in refusing to set aside the judgment in the original action.

Tatham became a member of appellant's local organization at Jonesboro in the year 1897, and paid his dues regularly up to the time of his death. He was a railroad switchman at the time he joined the society, and that occupation was, under the by-laws of the so-

ciety at the time Tatham joined, treated as an extra-hazardous one, and an additional amount was added to the monthly assessment. The constitution and laws of the order contained a provision on that subject as follows:

"Change of occupation by any member to a prohibited one shall not invalidate his certificate, but his rate of assessment shall be increased thereafter by adding twenty cents to each assessment upon each one thousand dollars or less named in his certificate while he is so engaged."

The constitution was subsequently changed so as to make the assessment thirty cents additional on prohibited occupations. In the year 1901 the supreme officer of the society changed Tatham's assessment by striking out the additional amount for the prohibited risk and thereafter Tatham's rate of assessment was fixed according to the preferred class, and he continued to pay the lower assessment as long as he lived. The proof shows that Tatham's assessments were always paid by his wife in his absence. The change in the rate of assessment was made on the theory and under the belief that Tatham had given up his occupation as railroad switchman and had become a farmer. The proof shows that he was a railroad switchman at the time of his death and the forfeiture of the policy is claimed on the ground that he failed to notify appellant's officers of the resumption of the occupation of railroad switchman so as to charge him with the additional rate on the extra-hazardous risk. The by-law of the order under which this defense is put forward reads as follows:

"If any member engages in any of the occupations or business mentioned in this section, he shall within thirty days notify the clerk of his camp of such change of occupation, and while so engaged in such occupation shall pay on each assessment thirty cents for each one thousand dollars of his beneficiary certificate in addition to the regular rate. Any such member failing to notify the clerk and to make such payments as above provided

shall stand suspended, and his beneficiary certificate be null and void.''

The weakness of appellant's case as presented on the motion to set aside the original judgment was that it failed to show that Tatham ever quit the extra-hazardous occupation of railroad switchman and subsequently resumed that occupation. Mr. Yates, one of the supreme officers testified that he directed the reduction of Tatham's assessment when he was notified in the year 1901, either by the local clerk at Jonesboro or by Tatham himself, that he had quit the occupation of switchman and had become a farmer, but this testimony was clearly incompetent for it failed to show that Tatham had in fact notified the order of a change of his occupation. Mr. Yates did not produce any evidence of notice by Tatham himself that he had changed his occupation. Mr. Parsons, who was clerk of the local camp in the year 1901, when the reduction of Tatham's assessments was made, testified that he had no personal knowledge of Tatham having changed his occupation, and Mr. Nichols, who became clerk shortly after the change was made, testified that he had no personal knowledge of the matter, except that he remembered that Tatham moved out on a farm, but that, for aught he knew to the contrary, Tatham continued his occupation as switchman, coming back and forth from his farm near Jonesboro to pursue his occupation of switchman. It devolved on appellant to prove its case, or at least to introduce testimony making out a *prima facie* defense to the action, before it could ask for the setting aside of the original judgment. *Knights of Maccabees of the World* v. *Gordon, supra.*

If Tatham never changed his occupation at all, and appellant's supreme officers voluntarily reduced Tatham's assessment and same were paid throughout the many years during which Tatham continued to be a member, appellant can not now insist on the forfeiture by reason of failure to pay assessments based on the extra-hazardous risk. Tatham was not in default in failing to give notice of a resumption of his extra-hazardous occupation

for the reason that he had never abandoned it. He joined the society as an extra-hazardous risk and correctly declared his occupation in his application. He never changed that occupation, for aught that appears in the proof in this case, and he was under no obligation to give any notice of his continued pursuit of that occupation. Appellant can not take advantage of its own error to defeat the payment of the policy since it has accepted payment of the assessments demanded.

Judgment affirmed.