BAXTER COUNTY BANK *v*. DAVIS.

Opinion delivered February 10, 1919.

1. JUDGMENTS—COLLATERAL ATTACK—PRESUMPTION OF REGULARITY—ATTORNEY'S LIEN.—In a mortgage foreclosure suit against a purchaser under a commissioner's sale, to enforce an attorney's lien, plaintiff may not attack the decree enforcing the lien on the ground that no notice was given the defendant, in the absence of a showing of merit against the lien since, presuming the statute requires notice, it will be presumed that the court's action was regular.

2. ATTORNEY AND CLIENT—LIEN—SERVICES.—While an attorney under the statute has no lien for services for merely defending a suit, services rendered in canceling a conveyance for fraud and recovering the land are such services as to entitle the attorney to a lien.

Appeal from Boone Chancery Court; *Sam Williams,* Special Chancellor; affirmed.

*Allyn Smith,* for appellant.

The bank acquired its lien and right before the sale of the land under the decree and the proceeding to enforce the attorney's lien was void not voidable. 59 Ark. 1; 37 Cal. 183; 5 Johns. Ch. 555; 9 Foster 533; 6 Wis. 645; 12 Otto (U. S.) 148-161; 8 Kans. 122; 66 Ark. 121; 112 *Id.* 514; 59 *Id.* 139; 55 *Id.* 139. There was no recovery by the attorneys and they had no lien under the Acts of Arkansas. A void judgment confers no rights. Kirby & Castle's Digest, § 5153; 3 Kans. 150-1. No notice was served in the suit and the defendant was not present. 2 Peters (U. S.) 162. This was a collateral attack on a decree of a superior court of record. 2 Peters (U. S.) 163; 13 Johnson 96; 16 *Id.* 537; 14 Ohio St. 80. There is no estoppel. 7 Kans. 125; 203 S. W. 1036; 129 Ark. 88; 62 *Id.* 316; 6 Kans. 309; 8 *Id.* 195; 49 Me. 149-153; 31 Penn. St. 331; 37 *Id.* 53; 8 Barb. 102-108; 20 Conn. 98-104. The bank is not estopped. It never consented that the attorneys should be paid to its exclusion and there was no consideration if such an agreement had been made and the offer of Loop for the bank was never accepted. 122 Ark. 472. A void judgment cannot be ratified nor waived. Confirmation does not cure a void sale. 76 Ark. 146; 88 S. W. 914; Coke on Lett. 295.

The case of *Furrow* v. *Manspeaker* was not of such a nature as to entitle attorneys to a lien under Act 293, Acts 1909, § 1; Kirby's Digest, § § 4459, 4460-1-2. There was no lien under any of these statutes as there was no recovery of land, but a mere suit to cancel a deed for fraud. 76 Ark. 146; 34 *Id.* 529; 62 *Id.* 135. The proceedings to enforce the lien were open to collateral attack, being void. 38 Ark. 385. No petition or pleading of any kind was filed. Kirby & Castle's Dig., § 7538. The court

had no jurisdiction. 123 Ark. 383; 103 *Id.* 446; 116 *Id.* 361; 123 *Id.* 189; 42 Ala. 39; 82 Mo. 180; 50 Cal. 398; 19 Am. Rep. 656; 6 Peters (U. S.) 709; 18 Ill. 309; 34 Ark. 391; *Ib.* 291; 55 *Id.* 562; 31 *Id.* 74; 11 *Id.* 519; 76 Ark. 146; 134 Ind. 587; 55 Ark. 562. Notice was necessary. 128 Ark. 471; 34 *Id.* 491; *Ib.* 291; Kirby's Digest, § 5153; 11 Ark. 519; 49 *Id.* 397; 50 *Id.* 538; 52 *Id.* 87; 54 *Id.* 137. A judgment without notice is void. 58 *Id.* 181; 47 *Id.* 397, and may be collaterally attacked. 19 Ark. 574; 5 *Id.* 524; 60 *Id.* 369; 8 Cranch. (U. S.) 9; 100 U. S. 13-23; 137 U. S. 45; 145 U. S. 165.

An attorney's lien cannot prevail against innocent parties. Kirby's Digest, § 4461; 80 Ark. 185. Dow and the bank were innocent parties and the bank succeeded to Dow's rights.

*Shouse & Rowland* and *Carmichael & Brooks,* for appellees.

1. Appellant has failed to properly abstract the evidence.

2. The bank took the property subject to the attorney's lien. It was a valid lien and so held under a former judgment and the matter is *res adjudicata.* 123 Ark. 473; 112 *Id.* 514; 67 252; 8 L. R. A. (N. S.) 914.

McCULLOCH, C. J. The tract of land in controversy, situated in Baxter County, was originally owned by one Furrow, who by deed duly executed conveyed it to one Manspeaker. Subsequently Furrow instituted an action in the chancery court of Baxter County against Manspeaker to cancel the deed on the ground that it was procured by fraud, and during the pendency of that suit Furrow conveyed the land to one Dow who in turn mortgaged it to appellant Baxter County Bank. A decree was rendered in favor of Furrow in the suit against Manspeaker, canceling the conveyance to the latter on the ground of fraud, and Furrow's attorneys claimed a lien on the land for their fee in the litigation in the sum of $333, and the chancery court rendered a decree in favor of the attorneys declaring a lien on the land and order-

ing it sold by the court's commissioner. There was a sale under the decree, and appellee Davis became the purchaser.

This is a controversy between appellant and appellee Davis as to the priority of their respective claims. The suit was commenced by appellant asking for a foreclosure of its mortgage and appellee Davis was a party defendant and filed a cross-complaint asking that his title under his purchase at the commissioner's sale be quieted. Appellant filed an answer to the cross-complaint alleging that the asserted lien in favor of the attorneys was not within the jurisdiction of the court and was void. Appellant is in the attitude of attacking collaterally the decree of the chancery court declaring the lien in favor of the attorneys for Furrow.

The contention is that the attorneys were not entitled to a lien in that kind of a suit, and also that the decree was rendered without notice to Furrow or without his presence in court.

The statute on the subject provides that the court where the case in which the lien is claimed was instituted shall ascertain and enforce such lien. Acts 1909, p. 893; *St. L., I. M. & S. Ry. Co.* v. *Hays & Ward,* 128 Ark. 471. The statute does not expressly require notice where the lien is asserted in the same action in which the services of the attorney are performed; but assuming that such a notice is required, the presumption attending the regularity of a decree of a court of superior jurisdiction is incontrovertible except upon a showing of merit against the asserted lien. *State ex rel.* v. *Hill,* 50 Ark. 458.

There is no contention that the amount of fee claimed by the attorneys is unreasonable or unjust, but it is insisted that no lien is conferred under the statute in the kind of case in which the attorneys performed the service. The argument is that under the statute no lien is conferred except in a case where there may be a recovery in favor of the plaintiff, and where there is in fact a recovery or a settlement by compromise without the consent of the attorneys. The first statute on the subject

passed in this State was construed in accordance with the contention of counsel for appellant, that is to say that there could be no lien merely for defending the rights of a litigant, and that the lien was only conferred where there was an actual recovery of something for the benefit of the client. *Hershy* v. *DuVal & Cravens,* 47 Ark. 86. The last statute on the subject has made no change in that respect, and there must still be a recovery before any lien can attach to the property in controversy. *McDonald, Admr.* v. *Norton, Admr.,* 123 Ark. 473. In the case of *Hershy* v. *DuVal & Cravens, supra,* this court held that "a bill to remove a cloud from the title to land is not, in any sense, an action for the recovery of land, or for the possession thereof," and that the attorneys for the plaintiff in that kind of a suit were not entitled to a lien on the property from which the cloud was sought to be removed. However, the action in which the services were performed in the present case was not one of that character. It was something more than a mere suit to remove a cloud from title. The plaintiff in that action, Furrow, had conveyed the land to another person. The title had passed from him on the face of the conveyance, and it was necessary to make out a case of fraud in order to cancel the conveyance and recover the land. His property had passed from him, in other words, under the deed, and the effect of the decree was to restore to him the land thus fraudulently conveyed, and the attorneys who performed services in the case were, we think, entitled to a lien.

That being true, it follows that appellants have failed to make a showing of merit against the decree in favor of the attorneys, and the door is shut against any inquiry concerning the notice.

Decree affirmed.

HUMPHREYS, J., not participating.