RENFROE *v.* PARMELEE.

Opinion delivered April 26, 1920.

1. JUSTICES OF THE PEACE—NOTICE OF APPEAL.—Notice in writing required by Kirby's Digest, § 4679, of an appeal from a justice of the peace to the circuit court, where allowed after the day on which the judgment was rendered, is a prerequisite to the rendition of any judgment in the circuit court on appeal, though § 4680 provides that failure to file such notice will not work a dismissal.

2. JUDGMENT—ACTUAL NOTICE IN LIEU OF SUMMONS.—A judgment of a court of general jurisdiction rendered without service of summons, as in the case of a judgment of the circuit court on

appeal from a justice of the peace rendered without the written notice required by § 4679 *supra,* can not be assailed if the defendant in the judgment had actual notice.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. The judgment sought to be annulled was obtained by fraud of appellees in failing to give appellant notice that an appeal had been taken to the circuit court, as required by Kirby's Digest, § 4679. Const., art. 2, § 21; Kirby's Digest, § 4424; 49 Ark. 397; 48 *Id.* 334; 45 *Id.* 271; 58 *Id.* 181; Kirby & Castle's Digest, §§ 5393-5406; 33 Ark. 778. Notice must be given of an appeal in writing. Kirby's Digest, § 6267.

2. The action before the justice was *in tort,* and, unless the record shows that a jury was waived, the judgment by the court was void. Kirby's Digest, § 6240; 56 Ark. 391; 65 *Id.* 503; 4 *Id.* 158; 109 *Id.* 534.

*Geo. W. Dodd* and *C. R. Barry,* for appellee.

Appellant had notice of the appeal and only pleads that he received *no notice as the law directs.* No fraud or concealment or misrepresentation was made or committed. A judgment without notice is void; but here a summons was duly served on appellant, and he appeared and contested the cause, and the cases cited by appellant do not apply. An appeal from a justice to the circuit court is a mere continuance of the same cause and is not an appeal from a final judgment at all. 92 Ark. 425. The provisions in Kirby & Castle's Digest, §§ 5392-5-7-8, were all followed and taken in due time by appellees, and the court had jurisdiction, and the judgment is not void. *Ib.,* § 5406-7, 7609, 7651. By failing to appear at the trial appellant waived a trial by jury. 44 Ark. 202.

HUMPHREYS, J. Appellant instituted suit against appellees in the Sebastian Circuit Court, Fort Smith District, under the fourth subdivision of section 4431 of Kirby's Digest to annul a judgment for $15 obtained by

appellees on the 5th day of March, 1918, in said court from the court of L. F. Fishback, a justice of the peace in and for Upper township in said county, upon the alleged ground that the judgment in the circuit court was fraudulently obtained by appellees without notice to appellant.

Appellees filed answer, denying the allegation of fraud.

The cause was submitted upon the pleadings and evidence, at the conclusion of which the court made special findings and declarations of law in favor of appellees and adjudged a dismissal of appellant's complaint, from which findings and judgment an appeal has been duly prosecuted to this court.

The evidence disclosed that appellees instituted suit against appellant on the first day of September, 1917, before L. F. Fishback, a justice of the peace of Upper township in said county, to recover $75 on account of alleged damage done appellee's automobile through careless and negligent driving of an automobile by appellant; that, on the 15th day of September, 1917, the cause was tried before a jury, which resulted in a verdict for appellant and a dismissal of appellees' complaint; that, on the 5th day of October, 1917, an affidavit for an appeal to the circuit court from said judgment was filed by appellees; that, on the 13th day of October, 1917, a transcript of the proceedings before the justice of the peace was filed in the circuit court; that no written notice of the appeal to the circuit court was given by appellees to appellant and that no written notice of the appeal was filed with the justice of the peace for him; that appellant and his attorney were nonresidents of Sebastian County, both residing in Crawford County; that on the day appellees' complaint was dismissed by the justice of the peace, appellees gave oral notice to appellant that they intended to appeal the cause to the circuit court, and in a few days after filing the affidavit for appeal on the 5th day of October, 1917, the justice of the peace orally notified the attorney for appellant that an appeal from said judgment

to the circuit court had been perfected; that at the December, 1917, term of the circuit court the cause was continued on the court's own motion until the March, 1918, term thereof; that, on the 5th day of March, 1918, the cause was submitted by appellees, in the absence of appellant, to the court, sitting as a jury, on the pleadings and evidence adduced by appellees, upon which a judgment was rendered against appellant in the sum of $15.

It is contended by appellant that the judgment sought to be annulled in this action was obtained by fraud of appellees in failing to give appellant written notice that an appeal had been taken to the circuit court from the judgment in the justice's court dismissing appellee's complaint, as required by section 4679 of Kirby's Digest. That section is as follows:

"If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing notifying him of the fact that an appeal has been taken from the judgment therein specified. The notice may be served in the same manner as an original summons, and when the appellee does not reside in the county, and has no agent in the suit therein, the service may be by leaving a copy of such notice with such justice."

While it is specifically provided in section 4680 of Kirby's Digest that the failure to file the written notice required by section 4679 aforesaid will not work a dismissal of the cause, it is apparent from a reading of that section in connection with said section 4679 that, unless the appellee in the judgment enters his appearance, no judgment can be rendered either at the term of the circuit court to which the cause was appealed or at any succeeding term thereof. In other words, the written notice required in said section 4679 is a prerequisite to the rendition of any judgment in the circuit court on appeal. This construction of the statute, however, can not avail appellant in the instant case. The undisputed facts show

that he had knowledge that an appeal had been taken to the circuit court from the judgment rendered in his favor in the justice's court. The justice, L. F. Fishback, testified that in a few days after the appeal had been taken he notified appellant's attorney. Appellant therefore had actual knowledge that the cause had been transferred to the circuit court and was pending there. The notice required by the aforesaid section is in the nature of a summons. The section itself provides that the notice may be served as an original summons. A judgment rendered by a court of general jurisdiction in this State without service of a summons can not be assailed if the defendant in the judgment had actual notice of the pendency of the suit in which rendered. Such judgment is incontrovertible at the instance of one guilty of laches. This court said in the case of *Sovereign Camp Woodmen of the World* v. *Wilson,* 136 Ark. 546, that ''The contention of appellant is that the judgment was absolutely void because the service of process was not in accordance with the method prescribed by the statute. Our statute (Kirby's Digest, section 4424) provides that all judgments rendered without notice shall be absolutely void, but there is a presumption of regularity attending a judgment of superior courts of general jurisdiction which can not be controverted except by showing that there was in fact no notice, and that there existed a meritorious defense to the action which could have been asserted if notice had been given.'' In support of the rule thus announced, the court cited *Boyd* v. *Roane,* 49 Ark. 397; *State* v. *Hill,* 50 Ark. 458; *Quigley* v. *Hammond,* 104 Ark. 449. Appellant had actual notice that the cause had been appealed and was pending in the circuit court, so the failure on the part of appellees to give him a written notice to that effect could not work a fraud upon him. The basis of the suit is that the judgment assailed was procured through the fraud of appellees. Having failed to establish the allegation of fraud contained in the complaint, the court correctly found the facts and declared the law.

The judgment is therefore affirmed.