BASKIN v. MOSAIC TEMPLARS OF AMERICA.

Opinion delivered April 9, 1928.

JUDGMENT—INJUNCTION—MERITORIOUS DEFENSE.—An insurance society could not enjoin enforcement of a judgment recovered against it in a justice of the peace court on the ground that the judgment was rendered without proper service, where it did not allege that it had a valid defense on which the judgment was rendered.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; reversed.

*Andrew J. Gilmer,* for appellant.

*Scipio A. Jones* and *Thomas J. Price,* for appellee.

SMITH, J.  Appellee, a fraternal insurance society, brought this suit to enjoin the enforcement of a judgment recovered against it in the court of a justice of the peace in Conway County, upon the ground that the judgment was rendered without proper service being first had.

The complaint recited facts which, it is alleged, show that there had been no proper service of summons before the rendition of the judgment, but the complaint did not allege that there was a valid defense to the claim upon which the judgment was rendered. A demurrer to the complaint was overruled, and, as the judgment creditors stood on the demurrer and refused to plead further, the relief prayed was granted and the enforcement of the judgment was enjoined, and this appeal is from that decree.

The case of *Rotan* v. *Springer,* 52 Ark. 80, 12 S. W. 156, was one in which the enforcement of a judgment was

sought to be enjoined upon the ground that it had been rendered without notice, and it was there said: "The plaintiff offered no suggestion of a defense to the claim upon which the judgment which he sought to enjoin was based. His complaint therefore stated no cause of action (*State* v. *Hill,* 50 Ark. 458, 8 S. W. 401), and the court did not err in sustaining the demurrer.

The doctrine of that case has been followed many times since. *Horn* v. *Hull,* 169 Ark. 463, 275 S. W. 905; *McDonald Land Co.* v. *Shapleigh Hdw. Co.,* 163 Ark. 524, 260 S. W. 445; *Derringer* v. *Stevens,* 145 Ark. 293, 225 S. W. 14; *Renfroe* v. *Parmelee,* 143 Ark. 547, 220 S. W. 816; *Williams* v. *Alexander,* 140 Ark. 442, 215 S. W. 721; *Baxter County Bank* v. *Davis,* 137 Ark. 459, 208 S. W. 797; *Sovereign Camp W. O. W.* v. *Wilson,* 136 Ark. 546, 207 S. W. 45; *Osborne* v. *Lawrence,* 123 Ark. 447, 185 S. W. 774; *Robinson* v. *Ark. Loan & Trust Co.,* 74 Ark. 292, 85 S. W. 413.

The demurrer to the complaint should therefore have been sustained, and the decree of the court below will be reversed, and the cause remanded with directions to sustain the demurrer.