WINFREY v. PEOPLE'S SAVINGS BANK.

Opinion delivered April 9, 1928.

1. EXECUTION—SALE OF LAND SUBJECT TO HOMESTEAD.—In a partition of a lot to secure a half interest alleged to be owned by reason of the sale of an undivided half interest under the judgment in an attachment suit, rendered by default, where the lot was occupied as homestead by the judgment debtor's mother, who was not made a party to the attachment suit, *held* that the homestead right was not affected, but that the interest of the judgment debtor subject to the right of homestead passed.

2. JUDGMENT—IDENTITY OF PARTY.—In a partition of a lot brought to secure an interest alleged to have been acquired under sale of the judgment-debtor's interest, where it was insisted that the judgment-debtor had not been sued on the note as Fred A. Williams, but as F. A. Williams, and that the note sued on was signed "Fred

A. Williams," *held* that it will be presumed on this collateral attack that the court ascertained that F. A. Williams and Fred A. Williams were the same person.

3.  JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—Where, in collateral attack on a judgment, it was contended that defendant was not properly served with process in the suit resulting in the sale, *held* that it will be presumed that the circuit court found to the contrary, and that finding is not subject to collateral attack.

4.  JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—Where a judgment in an attachment proceeding was attacked collaterally on a ground that no affidavit for attachment was made, and that it was not shown that the defendant's personal property was insufficient to pay the judgment, it will be conclusively presumed on collateral attack that the court below, before sustaining the attachment, ascertained that the attachment had been properly issued.

5.  APPEAL AND ERROR—MATTERS NOT CONSIDERED BELOW.—Where an attack in the court below was made on a sale and an attachment proceeding on the ground that the sale had never been approved in the attachment proceeding, an order of the circuit court in such proceeding confirming the sale, copied by opposing counsel in their brief on appeal, will not be considered where it was not considered in the court below.

6.  EXECUTION—PRESUMPTION OF REGULARITY OF SALE—Under Crawford & Moses' Dig., § 1534, providing that a sheriff's deed shall be evidence of the legality and regularity of sale of land, a deed to land duly executed and acknowledged by the sheriff and recorded is evidence that the sale was regularly made, without proof that the sale was confirmed by the court.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; affirmed.

*M. R. Perry* and *B. G. Clanton,* for appellant.

*Roscoe R. Lynn* and *June P. Wooten,* for appellee.

SMITH, J. Appellee, as administrator of the estate of H. G. Pottebaum, brought this suit, in conjunction with the widow of the said Pottebaum, who alleged that she had acquired the interest of the heirs of her husband in his estate, to partition a lot in the city of Little Rock, a half interest in which was alleged to be owned by the intestate, and from a decree granting the relief prayed is this appeal.

The question presented on the appeal is that of the validity of a judgment of the Pulaski Circuit Court,

whereunder it was alleged that appellee's intestate had acquired an undivided one-half interest.

Some years ago Pottebaum brought suit upon a note executed to his order by one Fred A. Williams, who, at the time, was a resident of the city of Chicago and an employee of the postoffice in that city. Judgment was rendered by default for the amount of the note, and an attachment was sustained and the lot ordered sold, and, pursuant to this judgment, an execution was levied upon Williams' undivided half interest, and that interest was sold, and later an execution deed was issued to Pottebaum by the sheriff who made the sale.

It was alleged that the judgment against Williams was void for the following reasons:

The lot levied upon had been owned by Williams' father, who, upon his death, was survived by his widow and two children, and the lot was then occupied by Williams' mother as her homestead. It is therefore insisted that, as the lot was a homestead, it was not subject to sale. In reply to this contention it suffices to say that the widow was not a party to the attachment suit, and her homestead right was not affected by it. The defendant had an interest in the lot, which was, of course, subject to his mother's right of homestead, and it was upon this interest that the attachment was levied. The homestead estate of the widow terminated by her death in 1925, before the institution of this suit.

It is next insisted that defendant should have been sued as Fred A. Williams, and not as F. A. Williams, as was done, inasmuch as the note sued on was signed "Fred A. Williams." It must be presumed, in this collateral attack on the judgment of the circuit court, that that court ascertained that the Fred A. Williams who signed the note and the F. A. Williams who was sued as the maker thereof were one and the same person. Indeed, the testimony heard at the trial from which this appeal comes shows that such was the fact.

It is insisted that the defendant was not properly advised of the pendency of the suit by the attorney appointed by the clerk to represent the nonresident defendant. Upon rendering judgment sustaining the attachment the circuit court presumably found to the contrary, and that finding is not subject to the collateral attack here made upon it. It may be said, however, that a letter written by Williams, which was offered in evidence at the trial from which this appeal comes, shows that he was in fact aware of the levy of the attachment.

It is next insisted that there was no affidavit for the attachment, nor was any showing made that the defendant's personal property was not sufficient to satisfy the plaintiff's demand without making a levy upon his interest in the land. In support of this allegation it is shown that no affidavit for the attachment was found, when this case was tried in the court below, among the files of the clerk in the original attachment suit. In answer to this collateral attack, it may be said that it will be conclusively presumed that the court below, before sustaining the attachment, ascertained that the attachment had been properly issued.

It is finally insisted that it was not shown that the sale under the execution was ever approved, and that a suit for partition cannot be maintained upon a title acquired through an unconfirmed sale.

Counsel for appellee set out in their brief an order of the circuit court confirming the sale; but, inasmuch as this order was not offered in evidence in the court below, it cannot be considered here. But appellee offered in evidence in the court below an execution deed duly executed and acknowledged by the sheriff who made the sale, and this deed was duly recorded, and its recitals conform to the requirements of § 4334, C. & M. Digest.

Section 8390, C. & M. Digest, provides that: "A sheriff's or auditor's deed, given in the usual form, without witnesses, shall be taken and considered by said court as sufficient evidence of the authority under which said

sale was made, the description of the land, and the price at which it was purchased.''

Section 1534, C. & M. Digest, provides that: "All deeds of conveyance made by administrators, executors, guardians and commissioners in chancery, and deeds made and executed by sheriffs of real estate sold under executions duly made and executed, acknowledged and recorded as required by law, and purporting to convey real estate, shall vest in the grantee, his heirs and assigns, a good and valid title, both in law and in equity, and shall be evidence of the facts therein recited and of the legality and regularity of the sale of the lands so conveyed until the contrary is made to appear.''

It is not made to appear that the execution deed was not executed under authority of law, and the fact alone that the affidavit for the attachment was not found in the files of the original attachment suit does not prove that there was in fact no affidavit for the attachment. The court found that the attachment was properly issued, and the attachment was sustained as having been properly levied upon the lot which the judgment directed should be sold in satisfaction of the indebtedness there adjudged to be due the plaintiff.

In 15 R. C. L., page 891, § 370 of the chapter "Judgments," it is said: "If a statute requires a certain affidavit to be filed prior to the rendition of judgment, it will be presumed, in support of the judgment of a court of general jurisdiction, in the absence of any statement or showing upon the subject, that such affidavit was filed. Thus it may be presumed that a writ of attachment, regular upon its face, on which a judgment has been based, was properly issued after execution of a proper affidavit required in such cases.''

Upon a consideration of the whole record we conclude that it was not made to appear that the judgment of the circuit court was void through failure to comply with the law in the rendition of the judgment through which Pottebaum's title was acquired. *Huggins v. Dabbs,* 57 Ark.

628, 22 S. W. 563; *Collins* v. *Paepcke-Leicht Lbr. Co.,* 74
Ark. 81, 84 S. W. 1044; *Taylor* v. *King,* 135 Ark. 43, 204
S. W. 614; *Sovereign Camp W. O. W.* v. *Wilson,* 136 Ark.
546, 207 S. W. 45; *Baxter County Bank* v. *Davis,* 137 Ark.
459, 208 S. W. 797; *Shaw* v. *Polk,* 152 Ark. 18, 237 S. W.
703; *St. L. S. F. R. Co.* v. *Wardell,* 157 Ark. 557, 249 S.
W. 17.

This being true, the relief by way of partition was
properly granted, and that decree is affirmed.